**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Clifton THIBODEAUX, Defendant-Appellant.**

**No. 81-3608.**

United States Court of Appeals, Fifth Circuit.

Nov. 25, 1981.

Louis B. Merhige, A. C. D'Antonio, New Orleans, La., for defendant-appellant.

Michael Schatzow, John Patrick Deveney, Asst. U.S. Attys., New Orleans, La., for the U.S.

Before CLARK, Chief Judge, RUBIN and SAM D. JOHNSON, Circuit Judges.

CLARK, Chief Judge:

Clifton Thibodeaux was indicted by a grand jury on nine felony counts of distributing controlled substances in violation of federal law. The United States magistrate ordered that Thibodeaux be held without bail until further order. Thibodeaux applied to the magistrate for review of his order pursuant to 18 U.S.C. § 3146(d). The magistrate denied his application, and set forth the reasons justifying the denial of bail. Among these reasons were the seriousness of the crime charged, the defendant's propensity to commit murder and mayhem, the defendant's underworld ties, and the fact that other drug dealers had escaped the jurisdiction and still remained at large. Thibodeaux filed a pleading styled "Motion for Review" which requested the district court to "review" the magistrate's order and fix bond in a reasonable amount.[1] The district judge reasoned that under 18 U.S.C. § 3147 he was required to determine whether the magistrate's exercise of discretion was "supported by the proceedings below." Accordingly, he denied Thibodeaux's motion despite certain reservations concerning the relevancy of some of the magistrate's reasons.

The district judge correctly identified the statute governing his reconsideration, but applied the wrong legal standard.[2] 18 U.S.C. § 3147 contains two subsections, each of which pertains in a different context. Subsection (a) governs motions such as that involved here, in which a judge of the court having original jurisdiction over the offense charged is asked to amend the actions of another judicial officer. Subsection (b) governs appeals from the court of original jurisdiction to the court having appellate jurisdiction thereover where the judge of such original jurisdiction court has either denied a motion to amend another judicial officer's order or where such judge has initially imposed or amended conditions

---

1. The applicable statute, 18 U.S.C. § 3147(a), makes no provision for "review." Thibodeaux's "Motion to Review," properly labeled, should have been a Motion to Amend.

2. Apparently the United States attorney's incorrect assertion that 18 U.S.C. § 3147(b) provided the relevant standard of review was not directly challenged by defense counsel.

of relief. Under subsection (b) the duty of an appellate court when reviewing the action of a judge of the court of original jurisdiction is to determine whether the order is supported by the proceedings below. Except for requiring a prompt determination of a motion to amend, subsection (a) does not suggest how a judge of the court of original jurisdiction is to consider whether to amend an order of another judicial officer fixing conditions of release.

In his order the district judge took note of the fact that the magistrate was expressly empowered to set conditions of release pursuant to 28 U.S.C. § 636 and 18 U.S.C. § 3141. However, 18 U.S.C. § 3147 is not framed in terms of authority to fix bail. It deals in terms of original jurisdiction of the offense charged. Because the district court was the court having original jurisdiction of the felonies charged, the district judge was not exercising an appellate jurisdiction under section 3147(b). In acting on Thibodeaux' motion, the district judge was exercising the amendment function conferred upon him under section 3147(a).[3]

Few reported decisions have construed the ambit of the district courts' amendment authority under 18 U.S.C. § 3147(a). Thus district courts have assumed, without stating so explicitly, that their right to amend the magistrate's order was broader than the scope of the appellate review specified in 18 U.S.C. § 3147(b). *E. g. United States v. Ellis De Marchena*, 330 F.Supp. 1223, 1226–27 (S.D.Cal.1971). This is the correct view. *See Grimes v. United States*, 394 F.2d 933 (D.C.Cir.1967). The statutory scheme adopted in 18 U.S.C. § 3147 confers a responsibility on the district court to reconsider the conditions of release fixed by another judicial officer under 18 U.S.C. § 3146(d) as unfettered as it would be if the district court were considering whether to amend its own action. It is not constrained to look for abuse of discretion or to defer to the judgment of the

prior judicial officer. These latter considerations would be pertinent when, under section 3147(b), the district court's action is called before the court of appeals.

Because the district court applied an erroneous legal standard, we vacate the order appealed from and remand with directions to (1) reconsider the Motion to Review as a motion to amend, and (2) give such reconsideration in conformity with this opinion.

**VACATED AND REMANDED.**

---

3. This might not always be the case. If the defendant was charged with a misdemeanor triable by the magistrate under 18 U.S.C. § 3401, and appealable to the district judge under 18 U.S.C. § 3402, a different question could be presented. We do not decide that issue here.