**UNITED STATES of America**

**v.**

**Ardis Lorraine BEESLEY, James Austin Beesley.**

**Crim. No. CR84–368A.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Dec. 21, 1984.

Larry Thompson, U.S. Atty., Anthony L. Cochran, Asst. U.S. Atty., Atlanta, Ga., for plaintiff.

Mary Donovan, Federal Defender Program, Inc., Atlanta, Ga., for defendants.

### ORDER

FORRESTER, District Judge.

This case is pending before the court on defendant's motion, pursuant to 18 U.S.C. § 3145(b) (amended October 12, 1984) for review of an order of United States Magistrate Harper which ordered defendant detained pending trial pursuant to 18 U.S.C. § 3142(e) (amended October 12, 1984). The threshold question before this court is what standard of review is to be applied to Magistrate Harper's order. The government has argued that that order is subject to review only under the clearly erroneous standard. The basis for this allegation is the government's argument that the recent amendment by Congress, in the Comprehensive Crime Control Act of 1984, Public Law No. 98–473, of 28 U.S.C. § 636(a)(2) has changed the standards for review. Section 636(a)(2) formerly provided that magistrates had the general power to "impose conditions of release under sec-

tion 3146 of Title 18." The new amendment provides that magistrates shall have jurisdiction to "issue orders pursuant to section 3142 of Title 18 concerning release or detention of persons pending trial." However, the clearly erroneous standard of review found in section 636 applies only to matters decided under section 636(b)(1)(A), so an amendment to section 636(a) should have no effect on the standard of review. Section 636(b)(1)(A) provides that magistrates may hear any pretrial matter, with certain enumerated exceptions, and that when a magistrate does so reconsideration by the district court is subject to the clearly erroneous standard. 28 U.S.C. § 636(b)(1)(A). Congress, in amending subsection (a) of section 636 did not include any language from which this court could infer that Congress intended to engraft a clearly erroneous standard of review onto magistrates' decisions made under that provision. Rather, the amendment by Congress to section 636(a)(2) was apparently designed to make the language of that statute conform to the new provisions found in the Bail Reform Act of 1984. The court therefore concludes that nothing in the amendment by Congress, codified as the Bail Reform Act of 1984, changed the standard of review of magistrates' determinations regarding pretrial release. The clearly erroneous standard of review applies only to matters decided by magistrates under subsection (b) of section 636, not to matters decided under subsection (a) of section 636.

■ The question then becomes what is the appropriate standard of review. 18 U.S.C. § 3145(b) of the new Bail Reform Act provides that:

If a person is ordered detained by a magistrate, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.

Since this court has determined that the new Bail Reform Act provides no statutory guidance as to the appropriate standard of review to be applied by the district court in this situation, the court considers itself constrained to apply the standards which have developed under the cases decided prior to the Bail Reform Act of 1984. The court finds particularly persuasive the decision of the Fifth Circuit in *United States vs. Thibodeaux*, 663 F.2d 520 (5th Cir.1981). This case, which constitutes persuasive rather than binding authority, explains that the appropriate standard by which a district court should review a magistrate's denial of bail is one of discretion which is "as unfettered as it would be if the district court were considering whether to amend its own action." 663 F.2d at 522. Indeed, the court held that it was the responsibility of the district court to reconsider the magistrate's decision fully, and not feel constrained by an abuse of discretion standard or a standard of deferring to the judgment of the magistrate. *Id.*

■ In reviewing Magistrate Harper's decision as if this court had been asked to amend a decision of its own, the court notes that although there was evidence to support Magistrate Harper's decision, it was not clear and convincing. 18 U.S.C. § 3142(e) (as amended) provides that detention is appropriate only where the court finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person or the community. This court believes something short of confinement in a jail-type institution will be sufficient to insure this defendant's presence at any trial of this case, pursuant to 18 U.S.C. § 3142(c). In particular, the court believes that the combination of the factors of the defendant's age, her lack of resources, her lack of prior record, and, especially, the fact that her partner in these alleged crimes is incarcerated under a detention order and she will not have him available to her as a resource to assist her in flight, make a less restrictive means than detention in a jail-like setting the appropriate treatment for this defendant. The evidence adduced before Magistrate

Harper and this court concerning the weight of the evidence, lack of roots in any community, offense conduct, use of aliases and harboring and traveling with her husband who was an escapee, do warrant the imposition of the most restrictive non-custodial conditions. The court finds that the following restrictions constitute the least restrictive measures which will reasonably assure the appearance of the defendant and the safety of other persons or the community during the time pending trial. *See* 18 U.S.C. § 3142(c)(2). The conditions of release are:

(1) Defendant shall not commit a federal, state, or local crime during the period of release;

(2) defendant is released to the custody of the Dismas House;

(3) defendant shall not travel outside the Northern District of Georgia without prior court permission; and

(4) defendant shall not be allowed overnight furloughs from the Dismas House, but shall instead be retained in custody there each night.

The court having made its findings pursuant to 18 U.S.C. § 3142, and § 3145, this matter is REMANDED to the United States Magistrate for preparation and execution of a bond which is not inconsistent with this order.