**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Richard C. KOENIG,**
**Defendant–Appellant.**

**No. 90–10257.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 19, 1990.

Decided Sept. 4, 1990.

Peter Bresciani, Tamburello, Hanlon, Bresciani & Waggener, San Francisco, Cal., for defendant-appellant.

Mary E. Pougiales, Asst. U.S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before CANBY, WIGGINS and KOZINSKI, Circuit Judges.

CANBY, Circuit Judge.

Appellant Richard Koenig appeals the district court's order denying pretrial release from detention. He contends that the district court employed the wrong standard of review when reviewing the magistrates' orders that found Koenig to be a flight risk. We agree, but conclude that the district court made alternative rulings that render any error harmless. We therefore affirm.

### FACTS

On November 21, 1989, federal agents arrested Koenig. He was later charged with eighteen counts of narcotics and income tax offenses. United States Magistrate Brazil ordered Koenig detained pend-

ing trial, on the ground that he was a flight risk. *See* 18 U.S.C. § 3142(e). Koenig subsequently filed a motion for pretrial release, which Magistrate Langford denied, finding that Koenig was still a flight risk. Koenig then sought review of the magistrates' orders before the district court.

In determining the appropriate standard of review, the district court relied upon its prior opinion in *United States v. Harris*, 732 F.Supp. 1027 (N.D.Cal.1990). In *Harris*, the district court determined that the standard of review to be applied by a district court in reviewing a magistrate's detention order was the same standard that this court applies when reviewing a district court's detention order. That is, a standard of "deference to the district court's factual findings, absent a showing that they are clearly erroneous, coupled with [the reviewing court's] right of independent examination of the facts as established by the district court, the findings, and the record to determine whether the district court's order of pretrial detention may be upheld." *Id.* at 1032 (citing *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985)).

Employing this standard, the district court ruled that the magistrates' finding that Koenig was a flight risk was not clearly erroneous. In addition, however, the district court observed: "[I]ndeed, the magistrates' findings are the same as this court would have made upon a *de novo* hearing if presented with the same evidence. Koenig has not offered this court any evidence that was not presented to and considered by the magistrates." The district court also concluded that the detention order was not contrary to law and must be upheld.

Koenig filed a timely notice of appeal. On June 27, 1990, we entered an order affirming the district court, and noted that this opinion would follow.

## ANALYSIS

Koenig contends that the district court should have followed the other circuits that have ruled on the issue and applied a "de novo" standard of review to the magistrates' orders. *See, e.g., United States v. King*, 849 F.2d 485, 491 (11th Cir.1988); *United States v. Hurtado*, 779 F.2d 1467, 1480 (11th Cir.1985); *United States v. Maull*, 773 F.2d 1479, 1481 (8th Cir.1985) (en banc); *United States v. Fortna*, 769 F.2d 243, 249 (5th Cir.1985); *United States v. Leon*, 766 F.2d 77, 80 (2d Cir.1985); *United States v. Delker*, 757 F.2d 1390, 1394–95 (3d Cir.1985); *United States v. Thibodeaux*, 663 F.2d 520, 522 (5th Cir.1981). On this point, we agree with Koenig. In explaining why, we will try to set forth what we believe is meant by "de novo" in this context.

The leading case is *United States v. Thibodeaux, supra*, which dealt with the predecessor to the statute involved here, 18 U.S.C. § 3145. Like section 3145, the statute in *Thibodeaux* (former section 3147) provided that when detention was ordered by a person other than a judge of the court having original jurisdiction over the offense, the person detained could move the court having original jurisdiction to amend the order. The district court, in reviewing a magistrate's order, applied a standard of review appropriate to an appellate court. The Fifth Circuit held that this was error. "Because the district court was the court having original jurisdiction of the felonies charged, the district judge was not exercising an appellate jurisdiction under section 3147(b)." *Thibodeaux*, 663 F.2d at 522. The court continued:

> The statutory scheme adopted in 18 U.S.C. § 3147 confers a responsibility on the district court to reconsider the conditions of release fixed by another judicial officer ... as unfettered as it would be if the district court were considering whether to amend its own action. It is not constrained to look for abuse of discretion or to defer to the judgment of the prior judicial officer. These latter considerations would be pertinent when, under section 3147(b), the district court's action is called before the court of appeals.

*Id.*

We see no flaw in this reasoning, nor any reason why it does not apply as well to section 3145. Other circuits certainly drew

that conclusion, and considered the *Thibodeaux* standard as the equivalent of "de novo." For example, the Third Circuit in *United States v. Delker*, 757 F.2d 1390 (3d Cir.1985), held it proper for a district court to have held an evidentiary hearing, on the same facts that were before the magistrate, in determining whether to revoke or amend a magistrate's release order under section 3145. A primary reason for the court's decision was that, under the prior statute, *Thibodeaux* and its progeny supported a practice of de novo review. *Delker*, 757 F.2d at 1394. "Nothing in the new Act suggests that Congress intended to change that practice." *Id.; accord United States v. Hurtado*, 779 F.2d 1467, 1481 (11th Cir.1985).

The structure of the Bail Reform Act also suggests that the district court's review should be of a more plenary nature than that of a court of appeals. The magistrate's detention order can be issued only after a hearing "held immediately upon the person's first appearance" unless a continuance is sought. 18 U.S.C. § 3142(f). Because of the promptness contemplated by the Act, "magistrates traditionally play a preliminary role in these determinations." *Hurtado*, 779 F.2d at 1481. It is true that the magistrate's detention order (unlike a release order) must "include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1). But the person detained then has the right to "file, with the court having *original jurisdiction* over the offense, a motion for revocation or amendment of the order." *Id.* at § 3145(b) (emphasis added). It is not without significance that this provision is for a motion to revoke or amend, not for an appeal, and that it is made in the court of original jurisdiction. *See Thibodeaux*, 663 F.2d at 522 ("Because the district court was the court having original jurisdiction of the felonies charged, the district judge was not exercising an appellate jurisdiction"). That court, unlike a court of appeals, is equipped to explore and redetermine factual issues if that proves necessary.

There are ample reasons, then, for concluding that the district court's review of a magistrate's detention order is to be conducted without deference to the magistrate's factual findings. Even if we were inclined to disagree with the authorities discussed above, which we are not, we would be reluctant to create a division in the circuits on this question.

The district court, however, was unimpressed by these out-of-circuit authorities when it explored the subject in *United States v. Harris, supra.* Part of its reasoning was based on the view that de novo review "both vitiates a magistrate's authority and goes against policies favoring judicial economy that resulted in the delegation of certain matters to magistrates in the first place." 732 F.Supp. at 1033. But the extent of a magistrate's authority, and the extent to which the issue of pretrial detention has been "delegated" to the magistrate, are questions of law that the *Thibodeaux* line of cases has addressed and answered. There is certainly precedent in other contexts for the delegation of matters to a magistrate, including the conduct of evidentiary hearings, which result in proposed findings of fact subject to de novo review by the district judge. 28 U.S.C. § 636(b)(1).

A considerable amount of the dissatisfaction of the district court with de novo review is the imprecision with which that term has been used. *See Harris*, 732 F.Supp. at 1030 n. 5. As the district court points out, a classical application of the de novo concept would mean that the whole process before the district court would start from scratch, as if the proceedings before the magistrate had never occurred. As the district court recognizes, that is often not what appellate courts mean when they talk of de novo review. *E.g., United States v. McConney*, 728 F.2d 1195, 1204–05 (9th Cir.) (en banc) (court of appeals reviews de novo question of exigent circumstances justifying officers' entry of building), *cert. denied*, 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984).

■ It may be too late to restore the original precision to the term "de novo," but we can at least state what we conceive

it to mean in the context of a district court's review of a magistrate's detention order. Clearly, the district court is not required to start over in every case, and proceed as if the magistrate's decision and findings did not exist. The district court erred, however, in ruling that it could review the magistrate's findings under a "clearly erroneous" standard of deference. It should review the evidence before the magistrate and make its own independent determination whether the magistrate's findings are correct, with no deference. If the performance of that function makes it necessary or desirable for the district judge to hold additional evidentiary hearings, it may do so, and its power to do so is not limited to occasions when evidence is offered that was not presented to the magistrate. *Delker*, 757 F.2d at 1394–95. The point is that the district court is to make its own "de novo" determination of facts, whether different from or an adoption of the findings of the magistrate. It also follows, as the *Harris* opinion agrees, that the ultimate determination of the propriety of detention is also to be decided without deference to the magistrate's ultimate conclusion. *See Harris*, 732 F.Supp. at 1032–33; *Motamedi*, 767 F.2d at 1406.

The district court in this case erred, therefore, in concluding that it should not set aside the magistrates' factual determinations unless they were clearly erroneous. However, the district court also stated that the magistrates' findings were the same ones that the district court would have made on the evidence presented to the magistrate. We conclude that this determination renders harmless the district court's error in the standard of review. Even under the proper "de novo" requirement, the district court, while empowered to do so, is not required to hold an evidentiary hearing when no evidence is offered that was not before the magistrate.

In addition to attacking the district court's standard of review, Koenig argues that the magistrates and the district court were wrong on the merits; that he should not have been determined to be a flight risk. We review that question indepen-

dently under the prescription of *Motamedi*, 767 F.2d at 1405. As Koenig concedes, the charges that he faces give rise to a statutory presumption that no condition or combination of conditions will reasonably assure his appearance as required. 18 U.S.C. § 3142(e).

We have carefully reviewed the record and conclude that the district court was correct in regarding Koenig as a flight risk. His absence of substantial ties to his community, his foreign contacts, and his employment history all support the district court's determination. The evidence of a medical condition presented by Koenig does not indicate an emergency, or a condition that would necessarily inhibit flight. His parents have offered to put up a bond, but there is reason to believe that his relationship with his parents is not a close one and that the bond would not assure his appearance.

## CONCLUSION

Finding no error in the district court's determination that Koenig was a flight risk, and no prejudicial error elsewhere, we affirm the district court's detention order.

AFFIRMED.