981 F.2d 1257
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Leydell BAKER, Plaintiff-Appellant,
v.
KING COUNTY PROSECUTOR'S OFFICE, Defendant-Appellee.
 No. 88-4060.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1992.*
Decided Dec. 24, 1992.
 
 Before KILKENNY, GOODWIN and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Leydell Baker, a Washington state prisoner, appeals the district court's denial of his motion for reconsideration of the dismissal of his 42 U.S.C. § 1983 civil rights action.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.
 
 
 3
 Baker filed a complaint under 42 U.S.C. § 1983 alleging that the King County prosecutor's office had deprived him of liberty and property by falsifying his presentence report. He sought monetary damages and also asked that an allegedly false statement be removed from the presentence report. The district court dismissed sua sponte Baker's claim for money damages prior to service of his complaint on the defendants. The King County presecutor then moved to dismiss the remaining equitable portion of Baker's complaint for failure to state a claim, and the magistrate judge recommended dismissal with prejudice. The district court adopted the magistrate judge's report, dismissed Baker's complaint, and denied Baker's motion for summary judgment. Subsequently, the district court denied Baker's motion for reconsideration, rejecting Baker's argument that the district court should not have adopted the magistrate judge's report without considering Baker's objections.
 
 
 4
 Baker contends that the district court should not have dismissed his money damages claim before allowing him to conduct discovery to determine whether the prosecutor was acting outside the scope of his prosecutorial role. We construe the district court's sua sponte dismissal of Baker's money damages complaint before issuance and service of process as a dismissal for frivolousness under 28 U.S.C. § 1915(d). See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989). A frivolous claim is one which lacks an arguable basis in law or fact. Denton v. Hernandez, 112 S.Ct. 1728, 1733 (1992). We review for abuse of discretion. Id. at 1734.
 
 
 5
 Prosecutors are absolutely immune from damage liability for "quasi-judicial activities taken within the scope of their authority." Ashelman v. Pope, 793 F.2d 1072, 1078 (9th Cir.1986). Baker sued the prosecutor for filing a presentence report, an action which falls within a quasi-judicial role. See Demoran v. Witt, 781 F.2d 155, 157 (9th Cir.1985) (probation officers are entitled to absolute judicial immunity for preparing presentence reports). Because absolute immunity applies, Baker's claim for damages was properly dismissed as frivolous.
 
 
 6
 Baker next argues that the district court should not have dismissed the equitable portion of his section 1983 action for failure to state a claim because he alleged a deprivation of liberty and property interests by the King County prosecutor's office. He maintains that the error in the presentence report caused corrections officials to recommend that he spend more time in confinement than he otherwise would have. Dismissal for failure to state a claim is reviewed de novo. Oscar v. University Students Co-op. Ass'n, 965 F.2d 783, 785 (9th Cir.) (en banc), cert. denied, 1992 U.S. Lexis 7703 (Dec. 7, 1992). Dismissal was proper because Baker has no liberty interest in parole. The Supreme Court has held that a liberty interest in parole can be created by mandatory language in a state statute. Greenholtz v. Inmates of the Neb. Penal and Correctional Complex, 442 U.S. 1, 11-12 (1979) (finding that Nebraska's statute provided a liberty interest in parole). We have interpreted Greenholtz narrowly in holding that Arizona's statutes do not create a liberty interest in parole. Baumann v. Arizona Dep't of Corrections, 754 F.2d 841, 844-45 (9th Cir.1985). We find that Washington's parole statute is too discretionary to afford Baker a liberty interest in parole. Accord In re Ayers, 713 P.2d 88, 89, 105 Wash.2d 161, 164 (1986). Neither does Baker have a property right in his presentence report. See Bishop v. Wood, 426 U.S. 341, 344 (1976) (property interests protected by due process clause are only those established under state law or another source independent of the Constitution). Baker has cited no Washington statute or other source granting defendants a property right in their presentence reports. Because Baker has not alleged a constitutional injury, he has not stated a cognizable claim for relief under section 1983. See Los Angeles v. Lyons, 461 U.S. 95, 111 (1983). The district court properly dismissed the complaint.
 
 
 7
 Baker also asserts that the district court erred by denying his motion for court-appointed counsel. We review for abuse of discretion. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.1986). There is no constitutional right to appointed counsel in section 1983 actions. Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir.1981). Because Baker demonstrated his ability to prosecute the case himself and showed no likelihood of prevailing on the merits, see Wilborn, 789 F.2d at 1331, the district court did not abuse its discretion in denying Baker's motion.
 
 
 8
 Baker also contends that the district court erred by dismissing his complaint before allowing him to conduct discovery. The district court may deny a motion for discovery if "it is convinced that the plaintiff will be unable to state a claim for relief." Wood v. McEwen, 644 F.2d 797, 801 (9th Cir.1981), cert. denied, 455 U.S. 942 (1982). Baker's first discovery motion was dismissed as moot after his damages claim was dismissed for frivolousness. The magistrate judge ordered the second discovery motion stricken after recommending that the remaining equitable portion of Baker's complaint be dismissed with prejudice for failure to state a claim. Accordingly, the magistrate judge did not abuse his discretion in denying the discovery motions. See id.; Yusov v. Yusuf, 892 F.2d 784, 787 (9th Cir.1989).
 
 
 9
 Baker correctly argues that the district judge erred by adopting the magistrate judge's report and recommendations before Baker filed his objections. See United States v. Remsing, 874 F.2d 614, 616 (9th Cir.1989). However, the district court stated that he had fully reviewed Baker's objections in conjunction with the motion to reconsider, rendering the earlier failure to consider Baker's objections harmless error. See United States v. Koenig, 912 F.2d 1190, 1193 (9th Cir.1990). The district court's judgment is AFFIRMED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Baker's motion for reconsideration is properly construed as a motion to alter or amend the judgment under Fed.R.Civ.P. 59(e) because it was brought within ten days of the notice of judgment and could have been brought under Rule 59(e). See Sierra-On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1419 (9th Cir.1984). Although Baker's notice of appeal states that he is appealing the denial of his motion for reconsideration, we infer that he also intended to appeal his underlying claim. See id. at 1420. As briefs of both parties on appeal addressed the district court's initial ruling, appellee will not be prejudiced by this court's consideration of the underlying claims. See McCarthy v. Mayo, 827 F.2d 1310, 1314 (9th Cir.1987). Accordingly, we construe this appeal to be from the initial dismissal of the complaint. See Sierra-On-Line, Inc., 739 F.2d at 1421