UNITED STATES of America, Plaintiff,

v.

Lavelle HENDERSON, Defendant.

No. 96–40039–01–DES.

United States District Court,
D. Kansas.

Feb. 13, 1997.

John J. Ambrosio, Dwight L. Miller, Donald R. Hoffman, Jason P. Hoffman, Topeka, KS, for defendant.

W. Geary Jaco, Kansas City, MO, Dwight L. Miller, Topeka, KS, Jonathan L. Laurans, Shawnee Mission, KS, for Anthony C. Henderson.

Joseph L. Dioszeghy, Overland Park, KS, Marilyn M. Trubey, Office of Federal Public Defender, Topeka, KS, for Hattie M. McNeal.

Randy M. Hendershot, Office of U.S. Attorney, Topeka, KS, for U.S.

## MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This matter is before the court on defendant Lavelle Henderson's motion for review (Doc. 136) of United States Magistrate Judge Ronald C. Newman's detention order (Doc. 30) entered May 14, 1996. For the reasons set forth below, defendant's motion is denied.

On May 9, 1996, the United States Attorney filed a two-count information against Lavelle E. Henderson. In Count 1, the government charges that the defendant did knowingly and willfully conspire to possess with the intent to distribute and distribute 50 grams of a mixture or substance containing a detectable amount of cocaine base, a Schedule II controlled substance, in violation of 21 U.S.C. § 846; with reference to 21 U.S.C. § 841(a)(1). In Count 2, the government charges that the defendant did knowingly and intentionally distribute in excess of 50 grams a mixture or substance containing a detectable amount of cocaine base, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1). Following defendant's arrest, a detention hearing was held before Magistrate Judge Newman on May 14, 1996. After receiving evidence and hearing oral argument, Judge Newman found there was probable cause the defendant committed the offenses with which he was charged and ordered the defendant detained. Defendant Lavelle Henderson now seeks review of the magistrate judge's detention order.

■ A defendant detained by a magistrate judge may seek review before the district court. 18 U.S.C. § 3145(b). The district court conducts a *de novo* review of the magistrate judge's pretrial detention order and must make its own determination if pretrial detention is proper or set conditions of release. *United States v. Carlos,* 777 F.Supp. 858, 859 (D.Kan.1991); see *United States v. Rueben,* 974 F.2d 580, 585–86 (5th Cir.1992), *cert. denied,* 507 U.S. 940, 113 S.Ct. 1336, 122 L.Ed.2d 720 (1993). The district court must ultimately decide the propriety of detention without deference to the magistrate judge's conclusion. *United States v. Koenig,* 912 F.2d 1190, 1192 (9th Cir.1990); *United States v. Gaviria,* 828 F.2d 667, 670 (11th Cir.1987).

■ Because defendant Henderson is charged with an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, 21 U.S.C. §§ 801 *et seq.,* a statutory rebuttable presumption arises that no conditions of release will assure defendant's appearance and the safety of the community. *See* 18 U.S.C. § 3142(e).[1] Under section 3142(e),

> upon a finding of probable cause that the defendant has committed a federal drug offense carrying a maximum prison term of ten years or more, a rebuttable presumption arises that no conditions of release will assure defendant's appearance and the safety of the community. Once the presumption is invoked, the burden of production shifts to the defendant. However, the burden of persuasion regarding risk-of-flight and danger to the community always remains with the government. The defendant's burden of production is not heavy, but some evidence must be produced. Even if a defendant's burden of production is met, the presumption remains a factor for consideration by the district court in determining whether to release or detain.

*Stricklin,* 932 F.2d at 1354–55.

In assessing whether the government has satisfied its burden of persuasion, the court must consider factors expressly set out in 18 U.S.C. § 3142(g). These factors include:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release

---

1. The court notes that a grand jury indictment is sufficient to establish a finding of probable cause that a defendant has committed a federal drug offense carrying a maximum prison sentence of ten years or more. *United States v. Stricklin,* 932 F.2d 1353, 1355 (10th Cir.1991).

pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release....

18 U.S.C. § 3142(g).

In support of his release, defendant Henderson points out that as a result of the dismissal of the conspiracy count, the scope and magnitude of the case against him has been reduced considerably. While this may be true, dismissal of the conspiracy count does not remove the rebuttable presumption under 18 U.S.C. § 3142(e). The remaining distribution count is an offense for which a maximum prison term of ten years or more is prescribed in the Controlled Substances Act, 21 U.S.C. §§ 801, *et seq.* Therefore, the burden remains with defendant Henderson to produce some evidence rebutting the 18 U.S.C. § 3142(e) presumption. Moreover, even if the defendant Henderson carries his burden, "the presumption does not disappear, but rather remains as a factor for consideration in the ultimate release or detention determination." *United States v. Cook,* 880 F.2d 1158, 1162 (10th Cir.1989).

Defendant Henderson also suggests that his personal background lends support for a decision to direct his release. In particular, defendant Henderson points out that he is a long-time resident of the city of Topeka with numerous contacts in the community, that upon his release he will maintain employment through a temporary service, that he has "no convictions of note" within the last ten years, and that he lacks a "bad" record. While the defendant's strong ties to the community do weigh in his favor, the same cannot be said about his criminal history. Defendant Henderson has several prior felony convictions, beginning with a 1986 conviction for burglary and theft which resulted in an incarceration sentence. While serving his sentence, the defendant was placed on state parole on five occasions and each time his parole was revoked. During his release, defendant was found with drugs, firearms, and in the company of convicted felons.

Defendant's history and characteristics are not the only factors offsetting the positive effect of his ties to the community. The nature of the offense charged—distribution of approximately 133 grams of "crack" cocaine—also argues against his release. Similarly unfavorable is the weight of the evidence against the defendant. In addition to the testimony of defendant's brother and former co-defendant, the government intends to offer the testimony of a confidential informant as well as taped phone conversations through which the defendant allegedly arranged for the sale the crack cocaine.

■ Upon review of the record below and the applicable law, the court finds that Judge Newman's detention order should be affirmed. The court has considered the defendant's arguments and finds the defendant has failed to overcome the presumption that no conditions of release could be established by the court which will assure the defendant's future appearances in this matter and the safety of the community. Accordingly, the court directs that defendant Henderson remain in custody pending trial.

**IT IS THEREFORE BY THE COURT ORDERED** that defendant's motion for review (Doc. 136) is denied and that Magistrate Judge Newman's detention order (Doc. 30) is affirmed.