UNITED STATES of America,
Plaintiff,

v.

Artemisa ROMO–SANCHEZ,
Defendant.

No. 00–40112–04–DES.

United States District Court,
D. Kansas.

April 23, 2001.

### MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendant Artemisa Romo–Sanchez' Motion for Appeal of Order of Detention (Doc. 70) entered by United States Magistrate Judge Virginia A. Mathis on December 15, 2000 (Doc. 33). For the reasons set forth below, defendant's motion is granted.

On November 29, 2000, the grand jury returned a two count indictment against Romo–Sanchez and three co-defendants. Count 1 charges that from October 8, 2000, to October 10, 2000, the defendant knowingly, willfully and unlawfully combined, conspired, confederated and agreed with her co-defendants and with others possessed with intent to distribute and dispense 5 kilograms or more of cocaine, in violation of 21 U.S.C. § 846. Count 2 charges that on October 10, 2000, the defendant knowingly and intentionally possessed with intent to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. § 841(a)(1). Defendant was subsequently arrested in Arizona. Magistrate Judge Virginia A. Mathis held a detention hearing on December 15, 2000, at which time she ordered that the defendant be detained. The defendant filed a motion for appeal of Judge Mathis's detention order.

Because the defendant has been charged with offenses for which there is a maximum term of imprisonment of ten years or more, the government invoked the statutory rebuttable presumption that no conditions or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community, pursuant to 18 U.S.C. § 3142(e). Judge Mathis determined that the rebuttable presumption had not been overcome, despite the fact that pretrial services report recommended that defendant be released with specific conditions. Defendant argues that the evidence does not support detention. In addition, defendant argues:

(1) Agent Tom Catana testified in contradiction to the statements taken from co-defendant Shirley Flores, which led the court to erroneously believe that the drugs were delivered to Flores by defendant;

(2) The vehicle driven by Flores was titled in her own name since June 10,

2000, but Flores told authorities defendant gave her the keys to the vehicle before the deliveries, apparently on October 8 and 10; and

(3) The testimony that Flores called Romo–Sanchez at every state was not substantial or corroborated.

Pursuant to 18 U.S.C. § 3145(b), the defendant may appeal a magistrate's detention order. A defendant detained by a magistrate judge may seek review before the district court. 18 U.S.C. § 3145(b). The district court conducts a *de novo* review of the magistrate judge's pretrial detention order and must make its own determination if pretrial detention is proper or set conditions of release. *See United States v. Rueben,* 974 F.2d 580, 585–86 (5th Cir.1992), *cert. denied,* 507 U.S. 940, 113 S.Ct. 1336, 122 L.Ed.2d 720 (1993); *United States v. Carlos,* 777 F.Supp. 858, 859 (D.Kan.1991). The district court must ultimately decide the propriety of detention without deference to the magistrate judge's conclusion. *See United States v. Koenig,* 912 F.2d 1190, 1192 (9th Cir.1990); *United States v. Gaviria,* 828 F.2d 667, 670 (11th Cir.1987); *United States v. Miller,* 625 F.Supp. 513, 521 (D.Kan.1985) (citing *United States v. Leon,* 766 F.2d 77, 80 (2d Cir.1985)).

Because defendant is charged with offenses for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, 21 U.S.C. §§ 801 *et seq.,* a statutory rebuttable presumption arises that no conditions of release will assure defendant's appearance and the safety of the community. *See* 18 U.S.C. § 3142(e).[1] Under section 3142(e),

upon a finding of probable cause that the defendant has committed a federal drug offense carrying a maximum prison term of ten years or more, a rebuttable presumption arises that no conditions of

release will assure defendant's appearance and the safety of the community. Once the presumption is invoked, the burden of production shifts to the defendant. However, the burden of persuasion regarding risk-of-flight and danger to the community always remains with the government. The defendant's burden of production is not heavy, but some evidence must be produced. Even if a defendant's burden of production is met, the presumption remains a factor for consideration by the district court in determining whether to release or detain.

*United States v. Stricklin,* 932 F.2d 1353, 1354–55 (10th Cir.1991).

In assessing whether the government has satisfied its burden of persuasion, the court must consider factors expressly set out in 18 U.S.C. § 3142(g). These factors include:

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including—

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

---

1. The court notes that a grand jury indictment is sufficient to establish a finding of probable cause that a defendant has committed a federal drug offense carrying a maximum prison

sentence of ten years or more. *United States v. Stricklin,* 932 F.2d 1353, 1355 (10th Cir. 1991).

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release....

18 U.S.C. § 3142(g).

Balancing the factors discussed above, the court finds defendant has rebutted the statutory presumption that no conditions of release will assure defendant's appearance and the safety of the community. The court acknowledges that defendant is charged with serious crimes involving drugs, which favor detention. Defendant was identified as the source of over forty pounds of cocaine and a number of other distributions of large quantities of cocaine. However, the primary evidence against defendant is co-defendant Flores's testimony, claiming Flores got the drugs from the defendant, and two suspicious phone calls made by Flores to defendant. The weight of the evidence, known to the court at this time, is not so substantial as to favor detention. In addition, defendant's criminal history is minimal. In 1994, defendant was charged with assault and disorderly conduct, but no disposition resulted from the charges. Defendant has no prior criminal history involving drugs.

Defendant's personal characteristics rebut the presumption favoring detention. Those factors which support detention, including the fact that defendant is not a United States citizen, she has no significant contacts in the charging district (Kansas), she had a relationship with one of the co-defendants, who is a fugitive, and she has no resources from which she might make a bond reasonably calculated to assure her future appearance, do not outweigh the factors supporting release. Plaintiff is tied to her community in Arizona. Defendant's entire family lives in Arizona. Defendant came to the United States when she was three years old. Defendant testified that she has never been to Mexico, and defendant's sister testified that defendant has never been to Mexico. Defendant has sole custody of her three minor children and provides for her children. Defendant's employment history also suggests plaintiff is tied to the community. Prior to August 2000, defendant was employed for several years at Axxess Technologies. Defendant took a leave of absence to avoid a co-worker, who harassed her. Defendant believed she would still have a job at Axxess Technologies if released. When defendant left her job, she could not keep her apartment and had to move in with her sister. Defendant lived with her sister continuously until her arrest. These factors support a finding that plaintiff is not a flight risk, and rebut the statutory presumption of detention.

Upon review of the record and the applicable law, the court finds that Judge Mathis's detention order should be reversed. The court has considered the defendant's arguments and finds the defendant has overcome the presumption that no conditions of release could be established by the court which will assure the defendant's future appearances in this matter and the safety of the community. Accordingly, the court directs that defendant be released.

**IT IS THEREFORE BY THE COURT ORDERED** that defendant Artemisa Romo–Sanchez' Motion for Appeal of Order of Detention (Doc. 70) is granted and that Magistrate Judge Mathis's detention order (Doc. 33) is reversed. Defendant Romo–Sanchez is released subject to the terms and conditions set forth in the document entitled Order Setting Conditions of Release.