UNITED STATES of America,
Plaintiff,

v.

Hebert RUIZ–CORRAL and Jesus
Borjas–Alvarez, Defendants.

United States of America, Plaintiff,

v.

Jesus Borjas–Alvarez, Isaul Villalobos–
Ruiz, and Herber Ruiz–Corral,
Defendants.

Nos. 04–1189–M, CR.A. 04–CR–404–F.

United States District Court,
D. Colorado.

Sept. 29, 2004.

Wayne Campbell, United States Attorney's Office, Denver, CO, for Plaintiff.

Donald L. Lozow, Lozow & Lozow, P.C., Edward A. Pluss, Federal Public Defenders Office, Denver, CO, David T. Duran, Duran Law Office, Englewood, CO, for Defendants.

## ORDER ON REVIEW OF MAGISTRATE'S ORDER ON DETENTION MOTION

FIGA, District Judge.

This matter comes before this Court pursuant to the motion filed by the Government on September 17, 2004

(Dkt.# 18), pursuant to 18 U.S.C. § 3145(a)(1), seeking revocation of the order entered by the Magistrate Judge on September 17, 2004, which order allowed for the release, with special conditions, of Defendant Jesus Borjas–Alvarez. The special conditions included the posting of a $75,000 property bond, and the placement of the defendant on electronic monitoring.

On September 17, 2004, the Government filed an emergency motion requesting review of the order pursuant to 18 U.S.C. § 3145, and requesting a stay of the release order. By order entered September 21, 2004, this Court granted the request for a stay, and set the request for review for hearing on September 24, 2004. The hearing was conducted on September 24, 2004, at which time the Court heard argument from both counsel. The Court has subsequently had an opportunity to conduct a full review of the transcript of the hearing held before the Magistrate Judge on September 17, 2004, to consider the arguments of counsel and to review the applicable law.

This Court concludes that the release order of the Magistrate Judge should be REVOKED and that Defendant Borjas–Alvarez should remain in custody pending trial for the following reasons.

If this Court were to apply a deferential standard to the order of the Magistrate Judge and be bound only by the record before him, this Court might be inclined to leave his order in place. However, under 18 U.S.C. § 3145(a)(1), the district court makes its own *de novo* determination of the facts with no deference to the magistrate judge's findings or conclusion. *United States v. Koenig*, 912 F.2d 1190, 1191–92 (9th Cir.1990); *United States v. Cruickshank*, 150 F.Supp.2d 1112, 1113 (D.Colo. 2001); *United States v. Walters*, 89 F.Supp.2d 1217, 1219–20 (D.Kan.2000).

■ *De novo* review does not require a *de novo* evidentiary hearing. The district court may elect to "start from scratch" and follow the procedures for taking relevant evidence or it simply may incorporate the record of the proceedings conducted by the magistrate judge including the exhibits admitted there. *United States v. Poole*, 2004 WL 1732306 *1 (D.Kan., July 15, 2004). The district court may conduct evidentiary hearings if "necessary or desirable," and the hearings are not limited to situations where new evidence is being offered. *Koenig, supra,* 912 F.2d at 1193. These matters are left to the district court's sound discretion. *United States v. Bergner*, 800 F.Supp. 659, 661 (N.D.Ind. 1992). Because this Court reviews the Magistrate Judge's order *de novo*, it will and must take into account any additional information and circumstances put before this Court that may not have been presented to the Magistrate Judge.

On September 22, 2004, after the decision of the Magistrate Judge to allow release, this defendant, along with two others, was indicted for violations of 21 U.S.C. § 846, conspiring with intent to possess and distribute five kilograms or more of methamphetamine, 21 U.S.C. § 841(a), possession with intent to distribute five kilograms or more of methamphetamine, and 18 U.S.C. § 924(c), possession of a firearm during and in relation to a drug trafficking crime.

■ The Bail Reform Act of 1984, particularly 18 U.S.C. § 3142(e), provides a rebuttable presumption of risk of flight or danger to the community in certain cases: "Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by

the Controlled Substances Act (21 U.S.C. 801 et seq.) ...." A grand jury indictment provides the requisite probable cause necessary in 18 U.S.C. § 3142(e) to trigger the presumption. *United States v. Quartermaine*, 913 F.2d 910, 916 (11th Cir. 1990).

This Court notes that in the instant case, the defendant had not been indicted when the Magistrate Judge found that release was feasible. The indictment in this case charges offenses for conspiracy and possession with intent to distribute a substantial amount of methamphetamine. According to the Government, the seized drugs are believed to be of the highest quality of methamphetamine known as "ice." Although the laboratory tests of the contraband have not yet been received, the case against the defendant alleges that it was his plan and intent to sell the high quality methamphetamine and the alleged sums involved in the transaction tend to corroborate that. Consequently, this indictment, carries with it a potential penalty of incarceration of between 188 and 235 months for the alleged drug offenses, plus a potential additional 60 months for the alleged weapons offense.

■ Under the provisions of 18 U.S.C. § 924(c)(1)(D)(ii), any term of imprisonment imposed for this offense must run *consecutively* with any term that may be imposed for the alleged drug trafficking offense. These potential penalties, approaching a maximum of twenty-five years, are more than twice in excess of the potential maximum ten-year term necessary to trigger the statutory presumption, and therefore the indictment here raises a rebuttable presumption of risk of flight and danger to the community.

In *United States v. Stricklin*, 932 F.2d 1353 (10th Cir.1991) the Tenth Circuit outlined the impact of the statutory presumptions:

Once the presumption is invoked, the burden of production shifts to the defendant. However, the burden of persuasion regarding risk-of-flight and danger to the community always remains with the government. The defendant's burden of production is not heavy, but some evidence must be produced. Even if a defendant's burden of production is met, the presumption remains a factor for consideration by the district court in determining whether to release or detain.

*Stricklin, supra,* 932 F.2d at 1354–55 citing *United States v. Cook,* 880 F.2d 1158, 1162 (10th Cir.1989).

■ Although the defendant has the burden of coming forward with evidence to rebut the presumption, the government continues to bear the ultimate burden of proof "to show there is no condition or combination of conditions that would reasonably assure the accused's presence in later proceedings and/or the safety of other persons and the community." *Poole, supra,* 2004 WL 1732306 *2, citing to *United States v. Lutz,* 207 F.Supp.2d 1247, 1251 (D.Kan.2002). The government must prove risk of flight by a preponderance of the evidence, *United States v. Carlos,* 777 F.Supp. 858, 860 (D.Kan.1991) (citing *Quartermaine*) and dangerousness to any other person or the community by clear and convincing evidence. 18 U.S.C. § 3142(f).

According to 18 U.S.C. § 3142(g), when determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, the district court must take into account the available information concerning:

(1) the nature and circumstances of the offense charged, including whether

the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including-

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal. State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

In considering the conditions of release ..., the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required. See 18 U.S.C. § 3142(g).

■ Having considered these factors and applying the requisite burdens of proof against them, this Court concludes that the Government has satisfied its burden of proof both as to the defendant's risk of flight and as to the defendant's dangerousness to the community.

## RISK OF FLIGHT

Before the Magistrate Judge, and before this Court as well, the Government's primary argument against release is that defendant is a flight risk.

The defendant is a naturalized citizen originally from Mexico. It is not disputed that he retains significant family ties to Mexico, including a sister, uncles and cousin who live there, at least some of whom defendant and his family visit at least annually.

It is also undisputed that defendant was employed at the time of his arrest as a construction worker. His supervisor testified that he was a dutiful employee who had been employed for "about five years" and that he would keep him employed while the case was pending. Various neighbors testified about defendant's "ties" to the community and his "good neighborliness." Defendant has no record of previous felony criminal convictions.

This Court does not doubt the veracity and sincerity of the testimony of the neighbors and the supervisor as well as that of his wife, Raquel Alvarez. However, this Court believes that the potential length of incarceration that defendant is facing, possibly upwards of twenty years and more, is a strong incentive for defendant to flee to Mexico if he were released on bond. As the Court stated in *United States v. Nichols*, 897 F.Supp. 542, 547 (W.D.Okla.1995), "[t]he prospect of a lengthy prison term, life imprisonment or the death penalty provides a defendant with a great incentive to flee." Although the Magistrate Judge found that plaintiff had approximately $75,000 in equity in the family home in Denver, this Court believes that not even posting the home as security for the bond would adequately ensure defendant's appearances in this case, given the severe potential sentence(s) facing defendant. Were defendant to be convicted, he may

well lose the equity in the home anyway, making bond forfeiture an insignificant factor in considering whether to flee. Attempting to extradite defendant from Mexico should he flee there is problematic, as the Government has represented, and defendant has not offered any contradictory evidence. Thus, extradition from Mexico is usually not practicable in cases such as this.

But more significant to this Court than defendant's opportunity to flee to Mexico, is the apparent strength of the case against defendant and the weight of the Government's evidence. Without prejudging the defendant's innocence or guilt, the evidence presented before the Magistrate Judge reflects probable cause to believe that there was a substantial drug transaction in which defendant was the linch-pin. According to what appears to be the Government's theory, defendant arranged the purchase by bringing together the buyer, who is described by the Government as a confidential informant, and the alleged sellers. According to the Government, there are wire recordings of defendant's statements reflecting knowledge and participation in the alleged offense. There is also indication of a prior act by defendant in exhibiting and offering methamphetamine to the buyer. There appears to be no question that a loaded gun registered to defendant was seized from his automobile at the time the intercepted deal occurred, and additional ammunition was found in defendant's pockets. This Court is well aware that defendant is entitled to a presumption of innocence, that he has not had the opportunity to offer his defense against these apparent facts, and he very well may have an effective rebuttal or innocent explanation for the alleged acts. But at this juncture and as 18 U.S.C. § 3142(e) provides for just such a determination, this Court must conclude that the nature and seriousness of the offense charged, including the fact that it is an offense involving narcotics along with which gun possession was a potential factor, and the potential weight of the Government's case against defendant, militate heavily in favor of denying release to defendant. While defendant's reported character, family ties, employment, length of residence in the community and past conduct may favor his release, this Court concludes that the Government has carried its burden to demonstrate by a preponderance of the evidence that defendant is a flight risk.

**DANGER TO THE COMMUNITY**

To a lesser degree the Government argues that defendant is a danger to the community. Given the Court's ruling on detention based on defendant's risk of flight, the Court need not reach this argument.

This Court has considered alternative means of ensuring defendant's appearance at trial, including increased security bonds and placing defendant under a 24–hour house arrest arrangement through electronic monitoring. However, the Court has concluded that there is no alternative reasonable method to assure defendant's presence at trial. The Government's motion (Dkt # 18) is GRANTED and Defendant Borjas–Alvarez shall remain in the custody of the United States Marshal for the District of Colorado.