**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Wilfredo TORRES,**
**Defendant–Appellant.**

**No. 91–1406.**

United States Court of Appeals,
Seventh Circuit.

Submitted March 19, 1991.

Decided March 28, 1991.

Colin S. Bruce, Asst. U.S. Atty., Office of U.S. Atty., Springfield, Ill., for plaintiff-appellee.

Dianne Ruthman, Reilly & Associate, Des Plaines, Ill., for defendant-appellant.

Before FLAUM, EASTERBROOK, and MANION, Circuit Judges.

EASTERBROOK, Circuit Judge.

Wilfredo Torres is under indictment for transporting a load of marijuana. The prosecutor sought his detention pending trial. Magistrate judge Evans held a hearing and concluded that Torres is unlikely to abscond if released on bond. The magistrate judge relied principally on Torres' family ties and employment history. The prosecution asked for review by the district judge, 18 U.S.C. § 3145(a)(1), who ordered Torres detained. The district judge believed that Torres would abandon his family and job, because he will be separated from both anyway if convicted.

Members of Torres' family testified in the hearing before the magistrate judge. The district judge declined to read the transcript of that hearing, electing to take fresh evidence. But when Torres' lawyer tried to put the family members on the stand, the district judge demurred. He directed the lawyer to tell him what the family members would say, deeming that a more expeditious way to proceed.

Congress required judges to consider "family ties" when deciding whether defendants are likely to flee. 18 U.S.C. § 3142(g)(3)(A). The district judge's approach, by contrast, treats these as irrelevant. The judge's view—that Torres' love for his wife and family does not increase the likelihood of his appearance because prison, his alternative to flight, also would sever those bonds—reads this factor out of the statute. Even the strongest affection for one's family does not *assure* appearance at trial, but the judge is supposed to consider probabilities. A person who cares deeply about spouse and children may be

more likely to appear for trial than one who has no family. Refraining from flight keeps the family together longer. Even an imprisoned person can see his family more frequently than does one on the lam.

If, as the statute provides, family ties are relevant to the probability of flight, a judge may not rebuff all evidence about the subject. The magistrate judge took this testimony; the district judge could have read the transcript. Although § 3145(a)(1) speaks of "review" by the district judge, the court may start from scratch. A district judge who elects to do this, however, must follow the same procedures that apply to the taking of evidence before the magistrate judge. Section 3142(f) gives the defendant the right "to present witnesses". Defendants also may "present information by proffer or otherwise". Judges may not limit them to the latter option. Although the Rules of Evidence are inapplicable to detention hearings, Fed.R.Evid. 1101(d)(3), a judge still must accept the kinds of evidence that § 3142(f) allows the defendants to introduce.

Counsel's summary is not evidence. Summaries are sterile. Offers of proof are but the shadow of testimony. Proffers such as "the defendant's wife will testify that he loves his family" are generic; they do not allow a judge to differentiate among defendants in the way the statute requires. Pretrial detention is still an exceptional step. *United States v. Salerno*, 481 U.S. 739, 749, 107 S.Ct. 2095, 2102, 95 L.Ed.2d 697 (1987). A judge should not limit the defendant's plea for freedom to formulae incanted by counsel, leading invariably to an order of detention by excluding testimony that presents him as a distinctive person.

Pretrial detention may be based on dangerousness in addition to, or instead of, the risk of flight. 18 U.S.C. § 3142(e). When the defendant is charged with a drug offense for which the maximum term exceeds ten years, § 3142(e)(1) creates a presumption "that no condition ... will reasonably assure the safety of ... the community". Familial testimony would be irrelevant to this question most of the time, although not always. *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir.1986); *United States v. Perry*, 788 F.2d 100, 107 (3d Cir. 1986). But before a judge founds a detention order on a prediction that no condition or combination of conditions will "reasonably assure the appearance of the person as required", § 3142(e), the judge must listen to the defendants' relatives, and not restrict defendants to proffers from counsel. Section 3142(f) requires no less. The district judge could have read the testimony already taken by the magistrate judge, or he could have received new testimony. He did neither. Unless the court holds a prompt new hearing and makes a fresh finding on a complete record, Torres must be admitted to bail.

REVERSED AND REMANDED.