**UNITED STATES of America, Plaintiff,**

v.

**Christopher R. MESSINO, Blaise Messino and Paul Messino, et al., Defendants.**

**No. 93 CR 294.**

United States District Court, N.D. Illinois, E.D.

Jan. 28, 1994.

---

L. Felipe Sanchez, U.S. Attorney's Office, Chicago, IL, for plaintiff.

Marc William Martin, Genson, Steinback & Gillespie, Chicago, IL, for Christopher R. Messino.

Douglas P. Roller, Roller & Associates, Naperville, IL, for Clement A. Messino.

Robert A. Loeb, Chicago, IL, for Donald Southern.

Edward Marvin Genson, Genson, Steinback & Gillespie, Chicago, IL, for William Underwood.

Thomas Michael Breen, Chicago, IL, for Christopher B. Messino.

John P. De Rose, John P. De Rose & Associates, Burr Ridge, IL, for Blaise Messino.

Joseph R. Lopez, Joseph R. Lopez, P.C., Chicago, IL, for Paul Messino.

Luis M. Galvan, Federal Defender Program, Chicago, IL, Dennis P. W. Johnson, Walter Jones, Jr., Jorge V. Cazares, Pugh, Jones & Johnson, P.C., Chicago, IL, for Thomas Hauck.

Edna Selan Epstein, Law Offices of Edna Selan Epstein, Chicago, IL, for Gray Chrystall.

Leland Edward Shalgos, Chicago, IL, for Daniel Shoemaker.

Steven Allen Greenberg, Steve A. Greenberg, Ltd., Chicago, IL, for Lawrence Thomas.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court are the government's emergency motion to seek review of Magis-

trate Judge Rosemond's orders that defendants Blaise Messino and Paul Messino be conditionally released on bond, and the government's motion to revoke said orders. For reasons discussed below, the government's motions are granted, the magistrate judge's orders are revoked, and said defendants are ordered detained pending trial.

## I. *THE ORDERS BELOW*

On December 9, 1993, Magistrate Judge Rosemond, after a hearing, issued a written order (following a December 3 oral order) that defendant Paul Messino be released on $200,000 bond secured by his signature and those of Mr. Berton E. Travis and Paul Messino's mother, Ms. Gayle Messino. The magistrate judge imposed the following conditions on Paul Messino's release: that defendant not commit any violation of law while on release; that he make all required court appearances; that he refrain from alcohol abuse or narcotics use, and submit to drug evaluations and aftercare; that he obtain no passports and that he surrender any passports; that he refrain from possessing weapons; that he only communicate with co-defendants in the presence of counsel and that such communication be limited to the preparation of his defense (with an exception for the Messino family annual Christmas dinner); that he waive the Fourth Amendment, and as such be subject to electronic monitoring, and that he not possess or use a cellular telephone; that he be confined to his residence, with limited exceptions; that he have no contact with any confidential informant or potential government witness (although the magistrate judge allowed Paul Messino to contact Ms. Kathy Soosh, the mother of his children, only to the extent necessary to effectuate his visitations with his children).

Magistrate Judge Rosemond also ordered that defendant Blaise Messino be released on a $200,000 bond secured by his signature, and that of his wife and one other individual, with the same conditions imposed on his release as were imposed on the release of Paul Messino. The magistrate judge added that Blaise Messino may be released from home confinement to attend courses neces-sary to obtain his G.E.D. and to maintain his present visitation rights with his son.

The government now moves to revoke the above pretrial release orders.

## II. *BACKGROUND LAW*

### A. *Standard of Review of the Magistrate Judge's Order*

■ 18 U.S.C. § 3145(a)(1) provides that the government may move for this court's review of a magistrate judge's release order. In reviewing the magistrate judge's order, this court is to employ a *de novo* standard. *United States v. Shaker,* 665 F.Supp. 698, 701 (N.D.Ind.1987) (citing cases); *see United States v. Portes,* 786 F.2d 758, 761 (7th Cir. 1985).

■ Concerning the evidentiary basis for the district court's ruling, it is within the district court's discretion to hear evidence additional to that heard by the magistrate judge. *United States v. Levine,* 770 F.Supp. 460, 464 n. 7 (N.D.Ind.1991). Alternatively, the district court may rely on the transcript of the hearing below as its source of evidence, a procedure that serves the interests of "judicial economy and speedy determination." *United States v. Allen,* 605 F.Supp. 864, 867 (W.D.Pa.1985). *See generally United States v. Torres,* 929 F.2d 291 (7th Cir. 1991) (prescribing district court's duties regarding the consideration of evidence when reviewing a magistrate judge's release order). Here, neither the government nor the defendants have pointed to any need to hear additional evidence outside the transcript of the hearing before the magistrate judge. The parties have, however, included documents as exhibits to their briefs before this court, and no party has challenged the authenticity of any of those documents. Accordingly, the court will rely on the transcript of the hearing before the magistrate judge and the exhibits attached to the parties' briefs as its evidentiary basis for its factual findings.

### B. *Burdens and Factors in Determining Whether to Revoke the Magistrate Judge's Release Order*

■ 18 U.S.C. § 3142(a)(4) authorizes a district court to order that, pending trial, a

person charged with an offense be detained under 18 U.S.C. § 3142(e). 18 U.S.C. § 3142(e) in turn provides that the court may order detention pending trial if the following finding is made: "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." A finding of *either* flight risk or dangerousness will justify detention. *United States v. Portes,* 786 F.2d at 765. 18 U.S.C. § 3142(e) also establishes a presumption rebuttable by the defendant "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in [among other statutes] the Controlled Substances Act (21 U.S.C. § 801 et seq.)...."

■ Here, Paul and Blaise Messino are indicted on charges of conspiring to transport and possess with intent to distribute in excess of 100 kilograms of cocaine over a period that extended from 1980 through the end of 1991 in violation of 21 U.S.C. § 846. Paul Messino is also indicted on charges of three narcotics distributions in violation of 21 U.S.C. § 841(a)(1). Therefore, the statutory rebuttable presumption in favor of detention is in place.[1]

■ It is thus each defendant's burden in this case initially to produce some evidence to rebut the presumption. Where a defendant meets this burden, however, the presumption "doesn't disappear completely; it remains as a factor weighing against bail, though a factor that can be ... outweighed by other factors." *United States v. Diaz,* 777 F.2d 1236, 1239 (7th Cir.1985). To be clear, the defendant's burden is one of production, not persuasion, and so where the defendant has rebutted the presumption by presenting some evidence, the government then carries the burden of establishing that detention pending trial is appropriate. However, the

court is to incorporate "the fact that Congress has found that offenders, as a general rule, pose *special* risks of flight ... among the other special factors that Congress has told him to weigh when making his bail decision." *United States v. Jessup,* 757 F.2d 378, 384 (1st Cir.1985) (cited with approval and relied upon in *United States v. Diaz,* 777 F.2d at 1237).

In addition to the statutory presumption operating here, the factors to be considered in determining whether to order release or detention of a defendant pending trial are also dictated by statute. Those factors are:

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including—

> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and;

> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The government must establish flight risk by the preponderance of the evidence or dangerousness by clear and convincing evidence. 18 U.S.C. § 3142(f); *United States v. Portes,* 786 F.2d at 764–65.

---

**1.** As the Seventh Circuit allows, the finding here of probable cause, triggering the rebuttable presumption, is based upon the indictment. *See*

*United States v. Dominguez,* 783 F.2d 702, 706 n. 7 (7th Cir.1986).

## III. DETENTION OF PAUL MESSINO

### A. Nature and Circumstances of the Offense Charged

▉ The nature of the offense charged militates in favor of detention of Paul Messino. This is so at the very least because of the statutory directive of Congress. *See* 18 U.S.C. § 3142(e).

### B. Weight of the Evidence

Magistrate Judge Rosemond concluded that the weight of the evidence against Paul Messino was so heavy that this factor favored detention. (Release Order at 5) Paul Messino explicitly conceded this point, stating that "the weight of the evidence against the defendant is strong." (Paul Messino's Motion for Pretrial Release, at 3, ¶ 9) The court finds nothing in the record to contradict this consensus, and so finds this factor weighs in favor of the pretrial detention of Paul Messino.

### C. History and Characteristics of the Person

▉ For the magistrate judge, this factor was key both to his finding that Paul Messino rebutted the statutory presumption and that the government failed to persuade that Paul Messino should be detained pretrial. The magistrate judge looked to Paul Messino's gainful employment, lack of serious criminal history and support of his children. Implicit in these findings is the conclusion that Paul Messino has sufficient ties to the community to ensure his appearance at trial. Because the standard is only that of "some evidence" to rebut the presumption the court holds that defendant Paul Messino, by these arguments, has rebutted it, for the initial purposes of shifting back to the government the burden of ultimate persuasion. *See United States v. Dominguez,* 783 F.2d at 707 ("The [defendant's] burden of production is not a heavy one to meet. . . .").

The question is whether these ties and claimed character traits outweigh the statutory factor brought in by virtue of the nature of the charges, and the negative aspects of Paul Messino's character. Paul Messino's history of ties to job and family are not so extensive to suggest that they would outweigh the flight risk presented by the mandatory minimums at stake here. In *United States v. Diaz,* 777 F.2d 1236, the Seventh Circuit affirmed a detention order of a defendant who had similar standard ties to the community. The court observed that the defendant "could flee only at the cost of severing his most precious family ties; but if he stays they may be severed anyway, should he receive a long prison sentence without possibility of parole." *Id.* at 1238. *But see United States v. Torres,* 929 F.2d at 292 ("Even an imprisoned person can see his family more frequently than does one on the lam."). And, though acquittal at trial is "a happier outcome" than becoming a fugitive from justice, Paul Messino has conceded that acquittal at trial is not a very secure hope because of the strong evidence against him, making becoming a fugitive from justice at least a perhaps happier outcome than a long sentence. *See United States v. Diaz,* 777 F.2d at 1238.

Nor is it particularly persuasive that Paul Messino may have been aware of the seriousness of the investigation years before the indictment came down. There is a quantum leap from an investigation to an indictment. Perhaps Paul Messino thought he would not ultimately be indicted. Furthermore, flight during the investigation would have made little sense to an individual who hoped that the investigation would not turn into an indictment.

None of this is to suggest that character and community ties would never outweigh the congressional finding, for to so hold would render meaningless the shifting of the burden of persuasion to the government. Rather, the court holds that here the history and good character points of the defendant Paul Messino do not outweigh the flight risk brought on by virtue of the seriousness of the charges and the strong evidence, combined with bad character points discussed below. Accordingly, the court holds that no condition or combination of conditions will reasonably assure the appearance of Paul Messino as required.

### D. *Dangerousness*

Finally, there remains the issue of Paul Messino's dangerousness, a contested factual issue. The magistrate judge found that "sufficient evidence of dangerousness was presented concerning past conduct to indicate that Paul and Blaise Messino might pose a danger to potential government witnesses if released unconditionally." However, the magistrate judge concluded that "the government has not demonstrated by clear and convincing evidence that defendants ... are a danger to the community or cooperating witnesses." (Release Order at 11) The court disagrees.

First, there is the matter of barroom fighting, by far the least serious accusations of dangerousness. (Government's Memorandum of Law in Support of the Motion to Revoke Pretrial Release Orders at 5) At the hearing before the magistrate judge, there was presented testimony regarding both Paul Messino and Blaise Messino bragging of their bar brawling. (Tr. 69) Paul Messino does not seriously contest such violent proclivities; his primary response is his counsel's tendering his own such proclivities from his youth in order to downplay their seriousness. The court declines to join in counsel's dismissive consideration of this violence, but acknowledges such evidence of bar fighting alone is probably not enough danger to the community to cause the court to detain Paul Messino. But this evidence does lend credibility to the more serious accusations of violence made by the government, and so weighs in favor of detention when viewed in the context of the entire record.

More serious is evidence of organized, premeditated violence that was heard at the detention hearing. (Tr. 90) Most disturbing to the court is evidence that Paul Messino has arranged to beat up an individual on behalf of an incarcerated family member, a prospect that in this case poses special dangers. (*Id.*)

This evidence, combined with the statutory presumption based upon the charges, convinces the court by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of government witnesses or the community from Paul Messino.

## IV. *DETENTION OF BLAISE MESSINO*

### A. *Nature and Circumstances of the Offense Charged*

■ As discussed above, the nature of the offense charged militates in favor of detention of Blaise Messino. As was the case with Paul Messino, this conclusion reflects at the very least the statutory directive of Congress. *See* 18 U.S.C. § 3142(e).

### B. *Weight of the Evidence*

Magistrate Judge Rosemond concluded that the weight of the evidence against Blaise Messino was substantial, and so favored detention. (Release Order at 5) The court agrees, especially in light of the availability of a cooperating former associate.

### C. *History and Characteristics of the Person*

The primary argument between the government and Blaise Messino on the point of personal history—at least as it pertains to the flight risk issue—revolves around whether Blaise Messino attempted to escape custody upon his arrest at his work place. The court agrees with Blaise Messino that the evidence that he was attempting to escape is weak, but this is but one subissue here, and ultimately the court finds Blaise Messino to be a flight risk.

Blaise Messino also forwards the fact that an investigation and forfeiture proceeding preceded the indictment, and that Blaise Messino, in the face of these, did not flee. The court views this evidence as it did the same evidence regarding Paul Messino, and finds this does not weigh heavily in favor of finding Blaise Messino not to be a flight risk.

Blaise Messino's ties to the community the court views much as it did the ties of Paul Messino. There are some ties to the community no doubt, enough to rebut the statutory presumption, but the ties are not so strong as to prevent a flight in the face of the length of possible prison term and strength of the evidence the defendant is facing. In addi-

tion, Blaise Messino's violent nature (discussed below) weighs against his assertion of good character.

Accordingly, the court holds that no condition or combination of conditions will reasonably assure the appearance of defendant Blaise Messino as required.

### D. *Dangerousness*

The same sort of evidence of barroom fighting as was available regarding Paul Messino is available regarding Blaise Messino, and the court weighs it in Blaise Messino's case as it did in Paul Messino's.

Blaise Messino also has against him the evidence of the beating of George Thorpe, a potential government witness in this case, allegedly by Blaise Messino and others when he attempted to stop selling cocaine for the conspiracy. Blaise Messino's rebuttal to this most serious charge is to attack the credibility of George Thorpe's reports of the beating by contesting the seriousness of the injury. (Defendant's Submission in Support of Magistrate's Finding that Defendant Blaise Messino Be Released on Bond at 6–10) True, the evidence of the beating would be even more persuasive if the hospital report were more bleak, but the court still finds there is clear and convincing, credible evidence that Blaise Messino took part in the beating of a man, and was motivated by concerns related to the drug conspiracy. Blaise Messino's contention that the Thorpe beating is "grossly exaggerated" is itself an overstatement, and does not contradict the evidence that the defendant was involved in a beating related to the conspiracy. (Blaise Messino's Reply at 6) There is also evidence that, *inter alia*, Blaise Messino pointed a gun at his girlfriend (Tr. 83), a person the government represents will be a witness, and that he was present at the beating of another woman (Tr. 75–76).

This evidence, combined with the statutory presumption, persuades the court that Blaise Messino's dangerousness warrants his detention pending trial.

### V. *CONCLUSION*

The government's emergency motion to seek review of Magistrate Judge Rosemond's

orders that defendants Paul Messino and Blaise Messino be conditionally released on bond and the government's motion to revoke said orders are granted. The magistrate judge's release orders are revoked.

Accordingly, it is ordered:

1. That the defendants Blaise Messino and Paul Messino shall remain in the custody of the Attorney General pending further order of the court, or pending trial, whichever occurs first.

2. That the defendants Blaise Messino and Paul Messino each be confined in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

3. That the defendants Blaise Messino and Paul Messino be afforded reasonable opportunity for private consultation with counsel.

4. That, on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which defendant Blaise Messino or defendant Paul Messino is confined shall deliver the respective defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.