UNITED STATES of America, Plaintiff,

v.

Ronnie T. JONES, Defendant.

No. 97–40058–01–SAC.

United States District Court,
D. Kansas.

Sept. 15, 1997.

David J. Phillips, Office of Federal Public Defender, Topeka, KS, for Ronnie Jones.

Thomas G. Luedke, Office of U.S. Atty., Topeka, KS, for U.S.

## MEMORANDUM AND ORDER

CROW, Senior District Judge.

On August 7, 1997, the grand jury returned a four count indictment charging the defendant, Ronnie Jones, with four separate drug trafficking crimes. Prior to that time state prosecutors had pursued a criminal case against Jones for those same acts. On the morning of September 12, 1997, the defendant was brought before the magistrate judge for the purpose of determining whether he should be detained or released on bond pending trial. During that hearing, the magistrate judge determined that the defendant's proffer overcame the presumption of incarceration. The government then presented the testimony[1] of a police officer who has known the defendant for a period of five years and who is personally familiar with the evidence against the defendant on these pending charges. The government also offered one exhibit which was a notebook containing police reports and other information summarizing the defendant's numerous encounters with law enforcement officers. Standing most prominently in the defendant's criminal history of violence against other persons was a conviction for solicitation to commit murder. At the conclusion of the hearing, the magistrate judge found that the defendant was neither a risk of flight nor a danger to the community and released the defendant on bond, subject to several conditions of release.

Immediately following the hearing, the government filed a notice of appeal seeking review of the magistrate judge's order of release. The court set a hearing for 3:00 p.m. that afternoon. After considering all of the evidence offered by proffer or otherwise, the court agreed that the defendant did not pose a risk of flight. That determination was based in part on the defendant's proffer that he was a lifetime resident of Junction City and that he has never failed to timely appear for any hearing in any of his numerous prior criminal cases. The court did not agree, however, that he did not pose a danger to the community. The court reversed the decision of the magistrate judge and ordered the defendant remanded to the custody of the United States Marshall pending trial.

At the close of the September 12, 1997, hearing, the court indicated that it would subsequently reduce its decision to writing. This memorandum and order constitutes the court's findings of fact and conclusions of law.

## STANDARD OF REVIEW

■ By statute, 18 U.S.C. § 3145(a)(1), the government may seek review of an order of release issued by the magistrate judge in the district court. The district court conducts a de novo review of the magistrate judge's order. *United States v. Tortora,* 922 F.2d 880, 883 n. 4 (1st Cir.1990); *United States v. Carlos,* 777 F.Supp. 858, 859 (D.Kan.1991); *see United States v. Rueben,* 974 F.2d 580, 585–86 (5th Cir.1992), *cert. denied,* 507 U.S. 940, 113 S.Ct. 1336, 122 L.Ed.2d 720 (1993). The district court must make its own de novo determination of the facts with no deference to the magistrate judge's findings. *United States v. Koenig,* 912 F.2d 1190, 1192 (9th Cir.1990); *United States v. Gaviria,* 828 F.2d 667, 670 (11th Cir.1987). In the same vein, the district court ultimately must decide the propriety of detention with no deference to the magistrate judge's conclusion. *Id.* De novo review does not require a de novo evidentiary hearing. *United States v. Alonso,* 832 F.Supp. 503, 504 (D.Puerto Rico 1993); *United States v. Bergner,* 800 F.Supp. 659, 661 (N.D.Ind.1992); *see United States v. Koenig,* 912 F.2d at 1193. The district court may elect to "start from scratch" and follow the procedures for taking relevant evidence. *United States v. Torres,* 929 F.2d 291, 292 (7th Cir.1991). The district court may incorporate the record of the proceedings conducted by the magistrate judge including the

---

1. Prior to conducting the September 12, 1997, hearing to consider the government's appeal, the court had reviewed the audiotape transcript of the hearing before the magistrate. The court had also quickly reviewed "Government Exhibit Number I," which was admitted before the magistrate judge but returned to the government following the hearing. At this court's instruction, government counsel brought the notebook to the court's chambers so that the court could review the exhibit prior to the 3:00 p.m. hearing.

exhibits admitted there. *United States v. Chagra,* 850 F.Supp. 354, 357 (W.D.Pa.1994); *see United States v. Messino,* 842 F.Supp. 1107, 1109 (N.D.Ill.1994). The district court may conduct evidentiary hearings if "necessary or desirable," and the hearings are not limited to situations where new evidence is being offered. *Koenig,* 912 F.2d at 1193. These matters are left to the district court's sound discretion. *Id.; Bergner,* 800 F.Supp. at 661.

## Legal Standards

■ The Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq. provides a rebuttable presumption of risk of flight or danger to the community when a defendant has been charged with certain crimes.

Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act (21 U.S.C. [§ ]801 et seq.) ... or an offense under section 924(c) of title 18 of the United States Code,

18 U.S.C. § 3142(e). "A grand jury indictment provides the probable cause required by the statute to trigger the presumption." *United States v. Quartermaine,* 913 F.2d 910, 916 (11th Cir.1990). Therefore the indictment in this case charging an offense for which a maximum term of imprisonment of ten years or more as prescribed by the Controlled Substances Act and for offenses under 18 U.S.C. § 924(c) raises the rebuttable presumptions of risk of flight and danger to the community.

In *Quartermaine,* the court of appeals summarized the proper analysis of the rebuttable presumption of 18 U.S.C. § 3142(e):

Once the statutory presumptions are raised, the defendant carries the burden of production to come forward with evidence to rebut the presumptions. The defendant's obligation to come forward with evidence does not shift to the defendant the

government's burden of persuasion. *United States v. King,* 849 F.2d [485] at 488 [ (11th Cir.1988) ]. Therefore, *Quartermaine* had the burden to produce evidence "to suggest that he ... [was] either not dangerous or not likely to flee if turned loose on bail." [*U.S. v.] Hurtado,* 779 F.2d [1467] at 1479 [ (11th Cir.1985) ]. Even if this evidence is sufficient to rebut the statutory presumption, the presumption "remains in the case as an evidentiary finding militating against release, to be weigh[ed] along with other evidence relative to factors listed in section 3142(g)." *United States v. King,* 849 F.2d at 488 (*quoting United States v. Portes,* 786 F.2d 758, 764 (7th Cir.1985) (citation omitted)).

913 F.2d at 916. *See United States v. Miller,* 625 F.Supp. 513, 519 (D.Kan.1985) ("The burden of production imposed on a defendant is 'to offer some credible evidence contrary to the statutory presumption.' ") (citation omitted).

■ The Government bears the burden of proof The government must prove risk of flight by a preponderance of the evidence. *Carlos,* 777 F.Supp. at 860 (*citing Quartermaine,* 913 F.2d at 917; *United States v. King,* 849 F.2d 485, 489 (11th Cir.1988); *United States v. Orta,* 760 F.2d 887, 891 (8th Cir.1985)). The government must prove dangerousness to any other person or the community by clear and convincing evidence. *King,* 849 F.2d at 485 n. 3; 18 U.S.C. § 3142(f).

The evidence presented at the hearing did not rebut the presumption of detention. The decision to detain the defendant pending trial was reached after a careful consideration of all of the facts offered by proffer or otherwise, and the application of those facts to the factors set forth by Congress.

## Weight of the Evidence Against the Defendant

During oral argument, counsel for the defendant argued that the "weight of the evidence" against her client had nothing to do with the issue of whether or not he should be detained pending sentencing, but was instead only an issue for the jury. Congress wisely

saw the issue otherwise. Section 3142(g), titled "Factors to be considered," provides in pertinent part:

> **(g) Factors to be considered.**—The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning—
>
> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
>
> (2) the weight of the evidence against the person;

18 U.S.C. § 3142(g).

The weight of the evidence against Jones is substantial. Officer Patricia Giordano of the Junction City police department testified before the magistrate Judge. Officer Giordano testified that she has known Jones for five years. Officer Giordano first encountered Jones five years ago while she was working as an employee at a Dillons supermarket. Jones was a customer who repeatedly wired large amounts of money to other persons. Officer Giordano testified that during a six month span Jones wired several thousand dollars—approximately eight thousand—through Dillons. Although not employed as a police officer at the time, Giordano deemed Jones' conduct suspicious.

In 1995 Texas DEA agents seized $20,000 from Jones. That money was subsequently forfeited to the federal government. At the hearing before the magistrate judge, Jones proffered that the funds were not derived from illegal drug transactions but were instead the product of successful gambling.

Officer Giordano's suspicions about Jones were confirmed in 1996. A confidential informant made multiple purchases of crack cocaine from Jones. Those transactions were recorded on audio and videotape. A subsequent search of Jones residence lead to the discovery of several grains of crack cocaine. Officers also located "buy money" from Jones' previous drug transactions with the confidential informant.

### Danger to the Community

Clear and convincing evidence establishes that Jones is danger to the community. That danger is both a risk of physical danger and a danger of committing additional drug trafficking crimes.

### Physical Danger

Jones poses a risk of physical danger to the community. Jones has a prior conviction for solicitation to commit murder. The police reports about that incident indicate that a man who was desirous of killing his estranged spouse asked Jones to make arrangements to hire a "hit man." Jones contacted a man he knew who might be willing to perform the nefarious task. Jones told that man that upon successful execution of the spouse (as evidenced by reports of her demise in the newspaper) he would be paid $2,000. The man Jones contacted reported the offer to the police. When arrested, Jones indicated that he was "just joking," despite the fact that he had provided the "hit man" with a photo and other information regarding the intended victim.

Jones' history of violence includes batteries on members of his family. Jones has apparently inflicted numerous injuries on his wife and stepson. Criminal charges stemming from those incidents are apparently still pending.

### Danger of Additional Drug Transactions

Although the defendant has no prior drug convictions, he has a long history of narcotics related arrests. The precise reasons underlying the decision to dismiss those cases was not provided to the court, although the government suggested that the dismissal of certain drug charges coincided temporally with the defendant's conviction for solicitation to commit murder, a crime carrying a substantial penalty. The government implicitly suggested that the drug trafficking charges were dismissed in the exercise of prosecutorial discretion.

The other facts presented do not allay the court's concerns for the safety of the community. The defendant proffered evidence that he is employed "part time" as a disk jockey at the VFW. The defendant also proffered that he occasionally provides maintenance

work for a family friend who owns rental property. This information does little to cast doubt on the substantial weight of evidence suggesting that the defendant's primary source of income is from the trafficking of narcotics. The danger of the defendant continuing to distribute of narcotics is substantial.

### Delay by the Government

Jones argued that the government's delay of a little over a month between the time he was indicted and the time that he was brought before the magistrate judge for a determination as to whether he should be detained pending trial was a fact that weighed in favor of his pretrial release. The government argued that reasons for delay in apprehending the defendant and seeking detention are innumerable, but in no way should detract from the weight of the evidence suggesting that Jones poses a risk of danger to the community.

The court sees nothing substantial in the delay between the defendant's indictment and the time the defendant initially appeared before the magistrate judge on September 10, 1997, or the two days that elapsed after his initial appearance before the government sought detention. Moreover, nothing in that brief delay would serve as a basis for concluding that Jones does not pose a danger to the community.

Detention of Jones pending trial is clearly appropriate under the criteria set forth in § 3142. As the court announced at the conclusion of the hearing, Jones is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody on appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

IT IS THEREFORE ORDERED the magistrate's order of release (Dk.10) is reversed. Jones is ordered detained pending trial in this matter.