UNITED STATES of America, Plaintiff,

v.

George Earl BURKS, Jr., Defendant.

No. 00–40115–01–SAC.

United States District Court, D. Kansas.

Feb. 2, 2001.

---

Randy M. Hendershot, Office of U.S. Attorney, Topeka, KS, for U.S.

Ronald E. Wurtz, Office of Fed. Public Defender, Topeka, KS, for defendant.

## MEMORANDUM AND ORDER

CROW, Senior District Judge.

The case comes before the court on the defendant George Earl Burks' Appeal of Detention Order (Dk.19), Request for Additional Time to File Discovery Motions (Dk.21), Notice of Demand for Evidence pursuant to Fed.R.Evid. 404(b) and 807 (Dk.22), and Motion to Disclose Expert Testimony pursuant to Fed.R.Crim.P. 16(a)(1)(E) (Dk.23). The government has filed its responses (Dks. 24 and 25), agreeing to provide notice pursuant to Rules 404(b) and 807 and to make additional disclosures of expected testimony from its expert witnesses with the exception of Kansas Bureau of Investigation ("KBI") chemist. The government, however, does oppose the defendant's appeal of the detention order. On February 1, 2001, the court heard counsels' presentations and arguments. Having reviewed and considered all submitted matters, the court is ready to rule.

## PROCEDURAL BACKGROUND

George Burks is the only defendant named in a six-count indictment filed November 29, 2000. The indictment charges

Burks with having distributed cocaine base on five separate occasions between August 25, 2000, and November 1, 2000, all in violation of 21 U.S.C. § 841(a)(1). The remaining count charges Burks with possessing and carrying a firearm during and in relation to the drug trafficking crime of distributing cocaine base on October 31, 2000, in violation of 18 U.S.C. § 924(c)(1)(A).

On December 7, 2000, the defendant was served with the arrest warrant, and he appeared the same day for his arraignment and plea. The government moved for detention, and the magistrate judge entered an order of temporary detention pending a hearing. On December 11, 2000, the magistrate judge heard arguments and proffers, as well as the testimony of Special Agent Jeffrey Brandau with the Kansas Bureau of Investigation. The magistrate judge granted the government's motion for detention and found by clear and convincing evidence that no combination of conditions would reasonably assure the safety of the community and Agent Brandau if the defendant were released pending trial. (Dk.12).

## STANDARD OF REVIEW

■ By statute, 18 U.S.C. § 3145(b), a defendant detained by a magistrate judge may seek review before the district court. The district court conducts a de novo review of the magistrate judge's order. *United States v. Carlos,* 777 F.Supp. 858, 859 (D.Kan.1991); *see United States v. Rueben,* 974 F.2d 580, 585–86 (5th Cir. 1992), *cert. denied,* 507 U.S. 940, 113 S.Ct. 1336, 122 L.Ed.2d 720 (1993). The district court must make its own de novo determination of the facts with no deference to the magistrate judge's findings. *United States v. Koenig,* 912 F.2d 1190, 1192 (9th Cir.1990); *United States v. Gaviria,* 828 F.2d 667, 670 (11th Cir.1987). In the same vein, the district court ultimately must de-cide the propriety of detention with no deference to the magistrate judge's conclusion. *Id.*

■ De novo review does not require a de novo evidentiary hearing. *United States v. Alonso,* 832 F.Supp. 503, 504 (D.Puerto Rico 1993); *United States v. Bergner,* 800 F.Supp. 659, 661 (N.D.Ind. 1992); *see United States v. Koenig,* 912 F.2d at 1193. The district court may elect to "start from scratch" and follow the procedures for taking relevant evidence. *United States v. Torres,* 929 F.2d 291, 292 (7th Cir.1991). The district court may incorporate the record of the proceedings conducted by the magistrate judge including the exhibits admitted there. *United States v. Chagra,* 850 F.Supp. 354, 357 (W.D.Pa.1994); *see United States v. Messino,* 842 F.Supp. 1107, 1109 (N.D.Ill.1994). The district court may conduct evidentiary hearings if "necessary or desirable," and the hearings are not limited to situations where new evidence is being offered. *Koenig,* 912 F.2d at 1193. These matters are left to the district court's sound discretion. *Id.; Bergner,* 800 F.Supp. at 661.

## CONTROLLING LAW

Under the Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.,* the court must order an accused's pretrial release, with or without conditions, unless it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and community." *See* 18 U.S.C. § 3142(b),(c), and (e). In making this determination, the court is to consider "the available information" on the following factors: the nature and circumstances of the offense, including whether the offense is a crime of violence or involves a narcotic drug; the weight of the evidence; the history and characteristics of the person; and the nature and seriousness of the

danger to any person or the community posed by a release on conditions. 18 U.S.C. § 3142(g).

■ The Bail Reform Act, specifically 18 U.S.C. § 3142(e), recognizes a rebuttable presumption of risk of flight or danger to the community upon a finding "that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act (21 U.S.C. §§ 801 et seq.) ... or an offense under § 924(c), ... of title 18 of the United States Code." A grand jury indictment charging such an offense is enough to trigger this presumption. *United States v. Stricklin,* 932 F.2d 1353, 1355 (10th Cir.1991); *United States v. Walters,* 89 F.Supp.2d 1217, 1220 (D.Kan.2000). The presumption operates as follows:

> Once the presumption is invoked, the burden of production shifts to the defendant. However, the burden of persuasion regarding risk-of-flight and danger to the community always remains with the government. The defendant's burden of production is not heavy, but some evidence must be produced. Even if a defendant's burden of production is met, the presumption remains a factor for consideration by the district court in determining whether to release or detain.

*Stricklin,* 932 F.2d at 1354–55 (citations omitted). If invoked by the government, the rebuttable presumption would apply here, because counts one, two, three, four and six charge drug offenses that carry maximum terms of imprisonment of ten years or more. In addition, count five charges a violation of 18 U.S.C. § 924(c) that also triggers the rebuttable presumption. The defendant's " 'burden of production ... is to offer some credible evidence contrary to the statutory presumption.' "

*United States v. Walters,* 89 F.Supp.2d at 1220 (quoting *United States v. Miller,* 625 F.Supp. 513, 519 (D.Kan.1985)).

■ At all times, the burden of proof remains with the government to show there is no condition or combination of conditions that would reasonably assure the accused's presence in later proceedings and/or the safety of other persons and the community. The government must prove risk of flight by a preponderance of the evidence. *United States v. Walters,* 89 F.Supp.2d at 1220–21 (citing in part *United States v. King,* 849 F.2d 485, 489 (11th Cir.1988), and *United States v. Orta,* 760 F.2d 887, 891 (8th Cir.1985)). The government must prove dangerousness to any other person or the community by clear and convincing evidence. *King,* 849 F.2d at 485 n. 3; 18 U.S.C. § 3142(f). Evidence is clear and convincing if it gives the factfinder "an abiding conviction that the truth of ... [the] factual contentions are 'highly probable.' " *Colorado v. New Mexico,* 467 U.S. 310, 316, 104 S.Ct. 2433, 81 L.Ed.2d 247 (1984) (quoting C. McCormick, *Law of Evidence* § 320, p. 679 (1954)).

**ANALYSIS AND RULING**

The court bases its ruling on the evidence and arguments presented to the magistrate judge as well as the additional submissions and arguments advanced in this review of the detention order. The defendant argues first that the magistrate judge erred in finding that he had not rebutted the presumption in 18 U.S.C. § 3142(e) and in imposing a burden of production more difficult than that contemplated in the Act. The defendant next contends that the magistrate judge erroneously found this case to involve a "crime of violence" for purposes of 18 U.S.C. § 3142(f)(1)(A). Finally, the defendant challenges the magistrate judge's examination of the factors in 18 U.S.C. § 3142(g).

As stated above, the indictment charges offenses triggering the rebuttable presumption. The government invokes the presumption without objection from the defendant. The court finds the defendant's proffers before the magistrate judge and before this court are sufficient to rebut this presumption. The defendant must produce some credible evidence " 'to suggest' " that he is not dangerous to the community and, in particular, to Special Agent Jeffrey Brandau. *See United States v. Walters*, 89 F.Supp.2d at 1220 (quoting *United States v. Quartermaine*, 913 F.2d 910, 916 (11th Cir.1990)). The defendant proffers that he sold only small quantities of drugs, that he lacks resources and contacts to aid him in fleeing, that he is a first-time offender with no violent criminal history, that he was caught up in the moment and showing off to peers when he threatened Brandau, that he has employment waiting for him in his father's restaurant, and that he has the support of his family living in this area and in Louisiana. The court proceeds to determine whether there are conditions that will reasonably assure the safety of the community and, in particular, the safety of Special Agent Jeffrey Brandau.

*Nature and Circumstances of the Offense*

The defendant is charged with having sold cocaine base to an undercover government agent on five different occasions over a span of little more than two months. On one of those occasions, the defendant was seen in possession of a pistol. This weapon is the subject of the 18 U.S.C. § 924(c) count, which is a crime of violence. *See United States v. Gloster*, 969 F.Supp. 92, 95 (D.D.C.1997); *United States v. Andrade*, 1994 WL 548103, at *4(D.Mass. Jun.7, 1994). Even assuming no crime of violence, this factor would still favor detention.

*Weight of the Evidence*

As it now stands on the record of this hearing, the weight of the evidence against the defendant is substantial. Special Agent Brandau testified before the magistrate judge that he purchased cocaine base from the defendant on five separate occasions. Each undercover transaction was a face-to-face buy in which Brandau personally purchased the cocaine base from the defendant. A videotape recording was made of each transaction, but there are some gaps and inaudible portions in the recordings. On October 31, 2000, Brandau handed $200 to the defendant for $180 worth of cocaine base, and the defendant looking for change took out a pistol from his pocket.

On November 7, 2000, Brandau arranged to meet the defendant at a fast food restaurant and to purchase more cocaine base. When Agent Brandau arrived, he saw the defendant in his car with three male passengers. Officers, with Agent Brandau assisting, then arrested the defendant and the passengers and found additional cocaine base on the defendant. Officers placed the defendant in a patrol car separate from his passengers because of a disturbance that was going on with the others. When Agent Brandau approached the defendant in the patrol car, the defendant loudly and angrily said that "he might be going to prison for ten years but when he gets out he is going to kill me [Brandau]." The defendant even taunted Brandau to put this threat "in every police report . . . [he] wanted, because it was going to happen." When the defendant made these comments to Brandau, his passengers were within earshot and were still involved in a disturbance with arresting officers. The testimony of Agent Brandau is uncontroverted and represents a strong case on the merits. This factor weighs in favor of detention.

*History and Characteristics of the Defendant*

■ The record does not sustain any particular inferences with respect to the defendant's character and shows no significant mental or physical conditions against release. A resident of the area where some of his family now lives, the defendant has sufficient family and community ties to favor pretrial release. Unemployed at the time of his arrest, the defendant had worked occasionally for his father at a local Denny's store and could return to this employment upon release. Because the defendant's past shows that he preferred drug dealing over holding down these same restaurant jobs, this factor carries only slight weight in favor of release. The defendant's past also includes chronic use of marijuana and two prior arrests in the year 2000 by Topeka police officers for possession of drugs with the intent to sell. These factors weigh in favor of detention. No prior convictions favors release, and his missed court appearance carries no real weight as the court is not concerned with risk of flight. In its judgment, the court finds the cumulative weight of these different factors to favor detention.

*Nature and Seriousness of Danger to Any Other Person or the Community*

Knowing Agent Brandau was a law enforcement officer, the defendant threatened to kill Brandau when he was released from prison. Unconcerned about the consequences that could come from having made this threat, the defendant told Brandau to include it in every police report, "because it was going to happen." Defense counsel suggests the threat should be treated as the angry and impulsive ranting of a young man hoping to preserve his "tough guy" image among peers. The court is not convinced the record sustains such a conclusion. While the defendant may not have physically advanced on Agent Brandau when he made this threat, one of the charges for which the defendant was arrested on September 13, 2000, by Topeka police was battery on a law enforcement officer. Nor is the court willing to risk an officer's life on the speculation that the defendant made such a serious threat without ever intending to carry it out. If anything, the defendant's statements suggest that he was fully aware of the seriousness of his threat and that he did not consider the likely consequences from that threat to be any deterrent. In addition, the court believes the defendant presents a very real threat of continued drug trafficking considering the number and frequency of the defendant's prior drug sales. Ongoing drug trafficking presents a serious danger to the community.

*Summary*

Based upon its de novo review of the record, the court concludes that there are no set of conditions of release which will protect the community from the danger of additional drug trafficking crimes and which will reasonably assure the safety of Agent Brandau. This court's decision to detain the defendant pending trial was reached after a careful consideration of all of the facts offered by proffer or otherwise at this hearing and the hearing before the magistrate judge. The court carefully applied those facts to the factors set forth in the Bail Reform Act. The government has carried its burden of proving by clear and convincing evidence that there is no combination of conditions that would assure the safety of Agent Brandau or that of the community if the defendant were released pending trial.

**NOTICE OF DEMAND FOR EVIDENCE (Dk.22)**

The defendant requests notice of the government's intent to introduce evidence

pursuant to Fed.R.Evid. 404(b) and 807. The government does not object to providing the requested notice, and the court directs the government to provide the same forthwith. The defendant agrees this motion is moot in light of the government's representations.

## MOTION TO DISCLOSE EXPERT TESTIMONY (Dk.23)

The defendant asks the court to order the government to disclose whether it intends to rely on expert testimony at trial and, if so, to identify and disclose the content and bases of that testimony pursuant to Fed.R.Crim.P. 16(a)(1)(E). The government filed its notice of disclosure on January 29, 2001. (Dk.27). Satisfied with the government's recent disclosure, the defendant withdraws this motion.

## REQUEST FOR ADDITIONAL TIME (Dk.21)

The defendant asks for additional time to file discovery motions until his counsel and the government's attorney have had sufficient time to resolve the outstanding discovery issues. The court grants this motion to permit the timely filing of the defendant's recent motion to compel production (Dk.29). By the parties' agreement, the court will suspend its ruling on this motion to compel until counsel have had sufficient time to resolve the different individual requests for information.

IT IS THEREFORE ORDERED that after de novo review the court denies all relief requested in the defendant's notice of appeal (Dk.19) and that the defendant George Earl Burks, Jr. will be detained pending trial pursuant to this order and the Magistrate Judge's order of detention (Dk.12);

IT IS FURTHER ORDERED that the defendant's notice of demand for evidence (Dk.22) pursuant to Fed.R.Evid. 404(b)

and 807 is denied as moot in light of the government's representation;

IT IS FURTHER ORDERED that the defendant's motion to disclose expert testimony (Dk.23) pursuant to Fed.R.Crim.P. 16(a)(1)(E) is no longer a pending motion having been withdrawn by the defendant at the hearing;

IT IS FURTHER ORDERED that the defendant's motion for additional time to file discovery motions is granted to permit the timely filing of the defendant's motion to compel (Dk.29) and any ruling on this motion to compel will be suspended until counsel have notified the court that they have been unable to resolve certain individual requests for information.