**Robert HANNA, Plaintiff,**

v.

**WCI COMMUNITIES, INC., et al.   Defendants.**

**No.  04–80595–CIV–HURLEY, 04–80595–CIV–LYNCH.**

United States District Court, S.D. Florida.

Nov. 18, 2004.

Patricia Anne Leonard, James Wallace Beasley, Jr., Robyn Sue Hankins, Beasley & Hauser, West Palm Beach, FL, for Plaintiff.

Joseph Ianno, Jr., Carlton Fields Ward Emmanuel Smith & Cutler, West Palm Beach, FL, for Defendants.

***ORDER DENYING MOTION TO DISMISS OF DEFENDANTS WCI COMMUNITIES, INC., ALFRED HOFFMAN, JR., JERRY STARKEY, MICHAEL GREENBERG, AND KERRY RUDOLPH***

HURLEY, District Judge.

**THIS CAUSE** comes before the court upon a motion by the above named defen-

dants to dismiss this case for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). Defendants argue that plaintiff Robert Hanna's Sarbanes–Oxley Act whistle-blower protection claim is barred for failure to follow the procedures set forth in 18 U.S.C. § 1514A(b)(2)(A) and 49 U.S.C. § 42121(b)(4)(B). Because the plain language of 18 U.S.C. § 1514A(b)(1)(B) states that a plaintiff may obtain *de novo* review of any Sarbanes–Oxley administrative complaint that has not been resolved by a Department of Labor final decision within 180 days of filing an administrative complaint, the court denies defendants' motion to dismiss.

## BACKGROUND

The facts relied upon in this order are taken from the complaint [DE # 1]. As required on a motion to dismiss, the court has construed the pleadings broadly, accepted all facts pled therein as true, and viewed all inferences in a light most favorable to the plaintiffs. *Jackson v. Birmingham Bd. of Educ.*, 309 F.3d 1333, 1334 (11th Cir.2002).

Mr. Hanna was employed by defendant WCI Communities, Inc. ("WCI") from 1999 until October 2003. WCI is a home-building and real estate services company that primarily focuses on master-planned communities in Florida. Mr Hanna originally worked for WCI as a project manager and was subsequently promoted to President of WCI's Palm Beach County and Treasure Coast homebuilding division.

While preparing WCI's fiscal year 2003 business plan, Mr. Hanna began to voice concerns that the plan was neither reasonable nor realistic, and that there was a significant likelihood that the plan could mislead the investing public. Mr. Hanna also expressed concerns that WCI's top officials, including defendants Hoffman and Starkey, were knowingly misleading investors about WCI's business plan. In late September 2003, defendant Rudolph met privately with Mr. Hanna and listened to Mr. Hanna's concerns about WCI's business plan and the false impression WCI was giving to the investor community. Two weeks later, WCI terminated Hanna without prior notice and informed him that the company wanted a "coaching change."

Mr. Hanna alleges that he was fired in retaliation for voicing his concerns regarding WCI's business practices. As a result of his alleged wrongful termination, Mr. Hanna has filed a two count complaint against the defendants. Count I seeks damages for retaliation under the Sarbanes–Oxley Act; Count II seeks damages under the Florida Whistleblower Act.

On December 12, 2003, pursuant to the procedural provisions of the Sarbanes–Oxley Act, Mr. Hanna filed an administrative enforcement action with the Department of Labor ("DOL"). *See* 18 U.S.C. § 1514A(b)(1)(A). On June 15, 2004, after not receiving any type of decision from the DOL within 180 days from the date he filed his administrative complaint, Mr. Hanna advised the DOL of his intent to file a federal lawsuit in the district court in fifteen days. *See* 29 C.F.R.1980.114. Thirteen days later, on June 28, 2004, the DOL issued its preliminary findings indicating that there was no reasonable cause to believe that WCI was guilty of violating the Sarbanes–Oxley Act. On June 30, 2004, consistent with his fifteen-day notice, Mr. Hanna filed this lawsuit seeking this court's *de novo* review of his retaliation claims. The issue presented in this motion to dismiss is whether Mr. Hanna's district court lawsuit is barred for failure to appeal the Department of Labor's June 28, 2004 preliminary findings to an administrative law judge pursuant to 49 U.S.C. § 42121(b)(2)(A).

## JURISDICTION AND VENUE

This court has federal question jurisdiction over Mr. Hanna's action pursuant to 28 U.S.C. § 1331 because his action is brought under 18 U.S.C. § 1514A (i.e. the "Sarbanes–Oxley Act"). This court has supplemental jurisdiction over Mr. Hanna's state law whistleblower claim pursuant to 28 U.S.C. § 1367(a).

Venue is proper in this district pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Florida.

## DISCUSSION

### A. STANDARD OF REVIEW

■ A motion to dismiss is appropriate only when it is demonstrated "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). For the purpose of a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff, and all facts alleged by the plaintiff are accepted as true. *See Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *see also Wright v. Newsome,* 795 F.2d 964, 967 (11th Cir.1986) ("[W]e may not ... [dismiss] unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims in the complaint that would entitle him or her to relief.") (citation omitted). Furthermore, the threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim. *Ancata v. Prison Health Servs., Inc.,* 769 F.2d 700, 703 (11th Cir.1985). Regardless of the alleged facts, however, a court may dismiss a complaint on a dispositive issue of law. *See Marshall County Bd. of Educ. v. Marshall County Gas Dist.,* 992 F.2d 1171, 1174 (11th Cir.1993).

■ Under established Eleventh Circuit precedent, a document attached to a motion to dismiss may be considered by the court without converting the motion into one for summary judgment if the attached document is: (1) central to the plaintiff's claim; and (2) undisputed. *Horsley v. Feldt,* 304 F.3d 1125, 1134 (11th Cir.2002). The court may also consider a document central to plaintiffs' complaint that the defense appends to its motion to dismiss if its contents are not in dispute. *Harris v. Ivax Corp.,* 182 F.3d 799, 802 (11th Cir. 1999). "Undisputed" in this context means that the authenticity of the document is not challenged. *Horsley,* 304 F.3d at 1134.

### B. DEFENDANTS' MOTION TO DISMISS

*1. Overview of the Procedure for Filing a Sarbanes–Oxley Act Civil Enforcement Action*

■ The Sarbanes–Oxley Act "provides that no company subject to the Securities Exchange Act of 1934 may retaliate against an employee who lawfully cooperates with an investigation concerning violations of the Act or fraud on the shareholders." *Carnero v. Boston Scientfic Corp.,* No. 04–10031, 2004 WL 1922132, 2004 U.S. Dist. LEXIS 17205 (D.Mass. Aug. 27, 2004). The Sarbanes–Oxley Act specifically mandates the following procedure for bringing a civil enforcement action:

b) Enforcement action.

(1) In general. A person who alleges discharge or other discrimination by any person in violation of subsection (a) may seek relief under subsection (c), by—

(A) filing a complaint with the Secretary of Labor; or

***(B) if the Secretary has not issued a final decision within 180 days of the filing of the complaint and there is no showing that such delay is due***

*to the bad faith of the claimant, bringing an action at law or equity for de novo review in the appropriate district court of the United States, which shall have jurisdiction over such an action without regard to the amount in controversy.*
(2) Procedure.
(A) In general. An action under paragraph · (1)(A) shall be governed under the rules and procedures set forth in section 42121(b) of title 49, United States Code. ·

18 U.S.C. · § 1514A (emphasis added). In other words, "[b]efore an employee can assert a cause of action in ·federal court under the Sarbanes–Oxley Act, the employee must file a complaint with the Occupational Safety and Health Administration ('OSHA') and afford OSHA the opportunity to ·resolve the allegations administratively." *Willis v. VIE Financial Group, Inc.,* No. 04–435, 2004 WL 1774575; 2004 U.S. Dist. LEXIS 15753 (E.D.PA. Aug. 6, 2004) (citing 18 U.S.C. § 1514A(b)(1)(A); 29 C.F.R. § 1980.103(c)).

Under the procedure mandated by 49 U.S.C. § 42121 and set forth in 29 C.F.R. § 1980.105(A), "within 60 days of the filing of the [administrative] complaint, OSHA [then] issues written findings of whether or. not there is reasonable cause to believe that the [defendant] has discriminated against the employee in violation of the. Act." *Willis,* at *3, 2004 U.S. Dist. LEXIS 15753, *8; 29 C.F.R. § 1980.105(a). If, as in Mr. Hanna's case, "the Assistant Secretary concludes that a violation has not occurred, the Assistant Secretary will notify the parties of that finding." 29 C.F.R.· § 1980.105(c). Then, according to 29 C.F.R. § 1980.106(a), "[a]ny party who desires review, including judicial review, of the findings and preliminary order ... must file any objections and/or a request for a hearing on the record within 30 days of receipt of the findings and preliminary

order." Finally, pursuant to 29 C.F.R. § 1980.106(b)(2), "[i]f no timely objection is filed with respect to either the· findings or the preliminary order, the findings or preliminary order, as the case may. be, shall become the final decision of the Secretary, not subject to judicial review."

### 2. Procedural Posture of Mr. Hanna's Administrative Complaint

Contrary to the guidelines set forth in 29 C.F.R. § 1980.105(a), Mr. Hanna did not receive OSHA's preliminary findings "within 60 days of the filing of [his administrative] complaint." Rather, it is undisputed that OSHA issued its preliminary findings 199 days after. Mr. Hanna filed his administrative complaint. The Sarbanes–Oxley Act plainly states that:

if the Secretary has not issued a·final ·decision within 180 days of the filing of the complaint and there is no showing that such delay is due to the bad faith of the claimant, [a plaintiff may] bring[ ] an action at law or equity for de novo review in the appropriate district court of the United States, which shall have jurisdiction· over such an action without regard to the amount in controversy.

18 U.S.C. § 1514A(b)(1)(B). OSHA issued its preliminary findings on June 28, 2004. Mr. Hanna filed this lawsuit on June 30, 2004. Defendants do not contend that Mr. Hanna acted in bad faith to delay.OSHA's ruling. Therefore, the court must first decide whether the Secretary had indeed "issued a 'final decision' within 180 days of the filing of [Mr. Hanna's administrative]' complaint." *See Id.*

■ Under the Sarbanes–Oxley Act's regulations, there are only two scenarios under which OSHA's "preliminary findings" may eventually become "final decisions." Under the first scenario, a plaintiff may appeal OSHA's preliminary findings to an Administrative Law Judge

("ALJ") for a hearing. *See* 29 C.F.R. § 1980.106. Then, if the plaintiff loses in front of the ALJ, he may "file a written petition for review with the Administrative Review Board ('the Board'), which has been delegated the authority to act for the Secretary and issue final decisions under this part." 29 C.F.R. § 1980.110(a). In other words, under the first scenario, a plaintiff may exhaust his administrative appeals until he receives a "final decision" by the Department of Labor's "Administrative Review Board." Under the second method, "[i]f no timely objection is filed with respect to ... the preliminary order, the ... preliminary order, ... shall become the final decision of the Secretary, not subject to judicial review." 29 C.F.R. § 1980.106(b)(2). In summary, a "preliminary order" only becomes a "final decision" if, either the plaintiff fails to appeal the preliminary order; or, if the preliminary order is affirmed after taking two subsequent administrative appeals with the DOL.

▮ In Mr. Hanna's case, on June 30, 2004—the day he filed his complaint in federal court—he had not yet received a decision from either the administrative review board or from an administrative law judge. Moreover, the thirty days in which to file a timely objection to OSHA's June 28, 2004 preliminary order had not elapsed. Therefore, the court holds that on the date Mr. Hanna filed his complaint, "the Secretary ha[d] not issued a final decision within 180 days of the filing of [Mr. Hanna's administrative] complaint". *See* 18 U.S.C. § 1514A(b)(1)(B). Therefore, under the plain language of the statute, Mr. Hanna would appear to be able to "[bring] an action at law or equity for de novo review in the appropriate district court of the United States." *Id.*

Defendants contend, however, that even though "the Secretary ha[d] not issued a final decision within 180 days of the filing of the [administrative] complaint," Mr. Hanna was nonetheless required to appeal OSHA's June 28, 2004 preliminary findings to an administrative law judge because the findings were issued prior to the filing of Mr. Hanna's district court complaint on June 30, 2004. Defendants assert that the Sarbanes–Oxley Act's procedural provisions specifically require that:

> [n]ot later than 30 days after the date of notification of findings under this paragraph, either the person alleged to have committed the violation or the complainant may file objections to the findings or preliminary order, or both, and request a hearing on the record. The filing of such objections shall not operate to stay any reinstatement remedy contained in the preliminary order. Such hearings shall be conducted expeditiously. *If a hearing is not requested in such 30–day period, the preliminary order shall be deemed a final order that is not subject to judicial review.*

49 U.S.C. § 42121(b)(2)(A) (emphasis added). Therefore, the issue before this court is whether Mr. Hanna's failure to request an administrative hearing on OSHA's June 28, 2004 preliminary order converted the preliminary order into a final order that is not subject to judicial review and, thus, procedurally bars Mr. Hanna from bringing this lawsuit under the Sarbanes–Oxley Act.

Mr. Hanna contends that since the DOL failed to issue a final decision: 1) within 180 days of the filing of his administrative complaint; and 2) prior to the filing of his district court complaint, this court now has jurisdiction over his whistle-blower complaint. *See* 18 U.S.C. § 1514A(b)(1)(B). Conversely, defendants assert that because OSHA's adverse preliminary order was issued two days prior to the filing of Mr. Hanna's district court lawsuit, he is now precluded from filing this district

court action seeking *de novo* review of his claims. Defendants argue that once Mr. Hanna received his preliminary order, he was required to exhaust his administrative appeals and could not simply begin a new lawsuit in this court.

The DOL's regulations address the possibility of lawsuits being filed in district court during the pendency of administrative proceedings. *See* 29 C.F.R. § 1980.114. Specifically, the DOL has commented that:

> This provision authorizing a Federal court complaint [if there has been no final decision of the Secretary within 180 days of the filing of the complaint] is unique among the whistleblower statutes administered by the Secretary. This statutory structure creates the possibility that a complainant will have litigated a claim before the agency, will receive a decision from an administrative law judge, and will then file a complaint in Federal court while the case is pending on review by the Board. The Act might even be interpreted to allow a complainant to bring an action in Federal court after receiving a final decision from the Board, if that decision was issued more than 180 days after the filing of the complaint. The Secretary believes that it would be a waste of the resources of the parties, the Department, and the courts for complainants to pursue duplicative litigation.

68 F.R. § 31860. The DOL's comments exhibit an appropriate concern over the duplicative litigation that would necessarily occur if the district courts re-litigated whistle-blower cases after the DOL has already investigated the merits of the complaint.

Nevertheless, Mr. Hanna's case does not present the egregious factual scenario contemplated by the DOL in 68 F.R. § 31860. In this case, Mr. Hanna had not already "receive[d] a decision from an administrative law judge" prior to filing his district court complaint. *See Id.* Mr. Hanna filed his district court complaint before the time had elapsed for seeking review of OSHA's preliminary findings in front of an administrative law judge. Under the Sarbanes–Oxley Act's procedures, it is only when a case reaches the administrative law judge that "rules or principles designed to assure production of the most probative evidence will be applied." 29 C.F.R. § 1980.107. Moreover, only the administrative law judge issues decisions that "contain appropriate findings, conclusions, and an order pertaining to the remedies." 29 C.F.R. § 1980.109.

Therefore, the court holds, as a matter of law, that the plain language of 18 U.S.C. § 1514A(b)(1)(B) allows Mr. Hanna to bring his whistle-blower complaint in this court because the DOL "ha[d] not issued a final decision within 180 days of the filing of the complaint." On the date Mr. Hanna filed his federal court complaint, he had not even begun "Step 2" of the three step process for obtaining a final decision from the DOL. Even though Mr. Hanna had received OSHA's preliminary findings prior to filing his district court lawsuit, he had not yet appealed these findings to an administrative law judge (i.e. "Step 2"); nor had he appealed the administrative law judge's ruling to the Administrative Review Board for a final determination (i.e "Step 3"). *See* 29 C.F.R. § 1980.110. Therefore, in Mr. Hanna's case, 180 days had passed without a final decision from the DOL.

■ As the DOL has recognized, "[t]his provision authorizing a Federal court complaint [if there has been no final decision of the Secretary within 180 days of the filing of the complaint] is unique among the whistleblower statutes administered by the Secretary." 68 F.R. § 31860. Nonetheless, the Eleventh Circuit had repeatedly

held that courts may only look beyond the plain language of a statute if "(1) the statute's language is ambiguous; (2) applying it according to its plain meaning would lead to an absurd result; or (3) there is clear evidence of contrary legislative intent." *United States v. DBB, Inc.*, 180 F.3d 1277, 1281 (11th Cir.1999) (citing *Consolidated Bank, N.A. v. Office of Comptroller of Currency*, 118 F.3d 1461, 1463–64 (11th Cir.1997)). In this case, neither party has alleged that the statute's language is ambiguous. Furthermore, neither party has alleged that there is clear evidence of contrary legislative intent. In fact, the legislative history of the Sarbanes–Oxley Act is silent regarding the proper interpretation of 18 U.S.C. § 1514A(b)(1)(B).

Therefore, the court must determine whether applying 18 U.S.C. § 1514A(b)(1)(B) according to its plain meaning would lead to an absurd result. As the DOL has recognized, applying the statute according to its plain meaning might indeed lead to an absurd result in cases where "a complainant will have litigated a claim before the agency, will receive a decision from an administrative law judge, and will then file a complaint in Federal court while the case is pending on review by the Board." 68 F.R. § 31860. In Mr. Hanna's case, however, he has not litigated his case in front of an administrative law judge. Furthermore, OSHA failed to interview witnesses that Mr. Hanna asserts were necessary to interview prior to reaching any fair determination regarding the merits of Mr. Hanna's case. Pl's Resp. to Defs' Mot. Dismiss at 4.

In this case, the court holds that applying the plain meaning of 18 U.S.C. § 1514A(b)(1)(B) would not lead to an absurd result. Congress presumably passed this statute to prevent the Department of Labor from unnecessarily delaying relief for Sarbanes–Oxley Act plaintiffs. Ultimately, it is up to Congress to intervene if it believes that the 180–day provision of 18 U.S.C. § 1514(A)(b)(1)(B) is too unrealistic a timetable for the Department of Labor to meet in resolving claims under the Sarbanes–Oxley Act. The court, however, refuses to penalize Mr. Hanna for complying with the plain language of the statute.

Moreover, the plain language of 18 U.S.C. § 1514A(b)(1)(B) specifically provides that a plaintiff may "[bring] an action at law or equity for *de novo review* in the appropriate district court of the United States" if "the Secretary has not issued a final decision within 180 days of the filing of the [administrative] complaint." (emphasis added). Courts have traditionally defined "de novo review" to mean "that the whole process before the district court would start from scratch, as if the proceedings [below] had never occurred." *United States v. Koenig*, 912 F.2d 1190, 1192 (9th Cir.1990); *See also Heggy v. Heggy*, 944 F.2d 1537, 1539 (10th Cir.1991) ("De novo review means we make an independent determination of the issues."); *Railroad Dynamics, Inc. v. A. Stucki Co.*, 727 F.2d 1506, 1513 (Fed Cir. 1984) ("De novo review means a totally new fact-finding effort."); *United States v. George*, 971 F.2d 1113, 1118 (4th Cir.1992) ("By definition, de novo review entails consideration of an issue as if it had not been decided previously.").

Therefore, given the common understanding of the phrase "de novo review," the plain language of the Sarbanes–Oxley Act supports this court's holding that district courts are able to consider the merits of a plaintiff's whistle-blower complaint "as if it had not been decided previously" so long as "the Secretary has not issued a final decision within 180 days of the filing of the [administrative] complaint." 18 U.S.C. § 1514A(b)(1)(B). Thus, the court holds that Mr. Harma was not required to

exhaust his administrative appeals once 180 days had passed without a final decision from the Department of Labor.

Finally, defendants' reliance on *Fadaie v. Alaska Airlines,* 293 F.Supp.2d 1210 (W.D.Wash.2003) is inapposite to the circumstances of this case. *Fadaie* addresses the failure to exhaust administrative remedies in the context of filing a claim under the Airline Deregulation Act ("ADA"). *Id.* at 1217; *See* 49 U.S.C. § 41713 While it is true that the Sarbanes–Oxley Act uses the same administrative procedures as the ADA, *See* 49 U.S.C. § 42121, it is fundamentally different in that the ADA allows plaintiffs to "file [their] whistleblower claims directly in a court of law." *Fadaie,* 293 F.Supp.2d at 1220. Thus, under the ADA, a whistleblower plaintiff has the option of seeking either an administrative or a judicial remedy from the moment his claim arises. Consequently, the *Fadaie* court held that "once plaintiff initiated the administrative complaint process . . . . the statute obligated him to complete the administrative process, such that the only avenues of relief available to him were a hearing before the ALJ and a direct appeal to the [relevant] Circuit." *Id.*

Under the Sarbanes–Oxley Act, however, a plaintiff may only seek a judicial remedy for his whistleblower complaint once "the Secretary has not issued a final decision within 180 days of the filing of the [administrative] complaint." 18 U.S.C. § 1514A(b)(1)(B). Requiring a Sarbanes–Oxley Act plaintiff to exhaust his administrative remedies under the circumstances in this case would render 18 U.S.C. § 1514A(b)(1)(B) completely meaningless. This would violate the Eleventh Circuit's clear mandate that "[a] statute should be interpreted so that no words shall be discarded as meaningless, redundant, or mere surplusage." *Shotz v. City of Plantation,* 344 F.3d 1161, 1173 (11th Cir.2003) (citing

*United States v. DBB, Inc.,* 180 F.3d 1277, 1285 (11th Cir.1999)). Thus, the court holds that the *Fadaie* decision is inapposite to the circumstances in this case. The plain language of the Sarbanes–Oxley Act mandates this court to hold that Mr. Hanna was not required to exhaust his administrative appeals once 180 days had passed without receiving a final decision from the DOL.

## C. Res Judicata and Collateral Estoppel

The court also holds that OSHA's preliminary findings are not entitled to res judicata (claim preclusion) or collateral estoppel (issue preclusion) treatment. Defendants echo the Department of Labor's regulations contending that collateral estoppel is appropriate "when a party has had a full and fair opportunity to litigate a claim." 68 F.R. § 31860, 31863 (2003). Defendants argue that collateral estoppel is appropriate in this case because plaintiff "initiated an administrative proceeding then, when he was unhappy with the administrative determination that his claim had no merit, took no further administrative action and allowed the Finding and Preliminary Order to Become a Final Order." Defs.' Mem. in Supp. Mot. Dismiss at 9.

■ As the Eleventh Circuit has noted, res judicata or collateral estoppel is appropriate only if "an administrative agency [was] acting in a judicial capacity and resolve[d] disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate." *Lake Lucerne Civic Assoc. v. Dolphin Stadium Corp.,* 878 F.2d 1360, 1367 (11th Cir.1989) (citing *United States v. Utah Construction & Mining Co.,* 384 U.S. 394, 421–22, 86 S.Ct. 1545, 16 L.Ed.2d 642 (1966)). "When formality in an administrative hearing is sufficiently diminished, the administrative decision may not be res judicata. The

starting point in drawing the line is the observation that res judicata applies when what the agency does resembles what a trial court does." *Id.*

In this case, OSHA's "preliminary order" was not based on the resolution of disputed facts in a forum where both parties had a fair and adequate opportunity to litigate their theories of the case. According to OSHA's own regulations, preliminary orders are issued solely on the basis of an investigation of facts that OSHA deems relevant in deciding whether a reasonable cause exists to believe that the named defendants violated the Sarbanes–Oxley Act. *See* 29 C.F.R. § 1980.104. The only point in which a Sarbanes–Oxley Act plaintiff receives a "trial-court like hearing" is when that plaintiff appeals his "preliminary order" to an administrative law judge. *See* 29 C.F.R. § 1980.107.

Even though Mr. Hanna admittedly received OSHA's preliminary order two days prior to filing his federal lawsuit, he nonetheless filed this lawsuit in strict compliance with the procedural requirements of 18 U.S.C. § 1514(A)(b)(1)(B). Mr. Hanna filed his notice of commencing this district court lawsuit 186 days after filing his administrative complaint with the DOL. He could not have filed his federal lawsuit any earlier because he was required to give the DOL fifteen days notice before filing the lawsuit. *See* 29 C.F.R.1980.114. It was only after Mr. Hanna served his notice of a filing a federal lawsuit that OSHA issued its preliminary findings. Therefore, Mr. Hanna cannot be deemed to have filed this lawsuit solely in an attempt to circumvent the DOL's preliminary findings.

Finally, even the DOL's own regulations state that res judicata or collateral estoppel treatment is only appropriate when "a complainant brings a new action in Federal court following extensive litigation before the Department that has resulted in a *decision by an administrative law judge*

*or the Secretary."* 68 F.R. § 31860, 31863 (2003). In this case, it is undisputed that there was no decision by either an ALJ or by the Review Board that is responsible for issuing final decisions in the Secretary of Labor's name. Therefore, the court holds that neither res judicata nor collateral estoppel is appropriate in this case. Mr. Hanna did not have a full and fair opportunity to litigate his claims in the administrative forum within 180 days from the date he filed his administrative complaint. Furthermore, unlike the factual scenario for collateral estoppel outlined in OSHA's regulations, Mr. Hanna had not yet received a decision from an administrative law judge at the time he filed his federal complaint. The court will not penalize Mr. Hanna for following the clear procedural mandates of the Sarbanes–Oxley Act.

### D. Mr. Hanna's State Law Whistleblower Claim

The individual defendants in this case also seek to dismiss Mr. Hanna's state law whistleblower claims against them. However, as Mr. Hanna correctly points out, his complaint does not allege that the individual defendants violated the Florida Whistleblower Statute. Accordingly, the individual defendants' motion to dismiss the plaintiff's state law whistleblower claim is denied as moot.

### CONCLUSION

For the reasons stated herein, the court holds that Mr. Hanna is not procedurally barred from bringing his Sarbanes–Oxley Act claim under 18 U.S.C. § 1514(A)(b)(1)(B). The plain language of the statute allows Mr. Hanna to bring his complaint in federal court after 180 days had passed from the filing of his administrative complaint without the issuance of a final decision from the Department of Labor.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that defendants' motion to dismiss [DE # 23] is **DENIED**.