**John Scott BECHTEL, and Willie Jacques, Jr., Plaintiffs,**

**United States Department of Labor, Intervening Plaintiff,**

v.

**COMPETITIVE TECHNOLOGIES, INC., Defendant.**

**No. CIV. 3:05CV629AVC.**

United States District Court, D. Connecticut.

May 13, 2005.

Robert L. Bauman, Taylor S. Flanery, Gambs, Mucker & Bauman, Lafayette, IN, Thomas W. Meiklejohn, Livingston, Adler, Pulda, Meiklejohn & Kelly, Hartford, CT, Christine L. Sciarrino, U.S. Attorney's Office, New Haven, CT, for Plaintiffs.

David B. Zabel, Cohen and Wolf, P.C., Bridgeport, CT, Mary E. Pivec, Sheppard

Mullin Richter & Hampton, Washington, DC, for Defendant.

### RULING ON THE PLAINTIFFS' APPLICATION FOR PRELIMINARY INJUNCTION

COVELLO, District Judge.

This is an action for equitable relief brought in connection with a failed employment relationship. The plaintiffs, John Bectel and Willie Jacques, assert that the defendant, Competitive Technologies, Inc. ("CTI"), terminated their employment in retaliation for conduct protected by § 806 of the Corporate and Criminal Fraud Accountability Act of 2002 ("Sarbanes–Oxley Act"), 18 U.S.C. § 1514A. The plaintiffs, joined by the intervening plaintiff United States Secretary of Labor, seek an injunction enforcing a preliminary order of the Secretary requiring CTI to reinstate the plaintiffs to their previous positions.

The issues presented are: (1) whether the court has subject matter jurisdiction to enforce a preliminary order of reinstatement under the Sarbanes–Oxley Act; and (2) whether enforcement requires the plaintiffs to prove the material elements required for a preliminary injunction. For the reasons hereinafter set forth, the court concludes that it has subject matter jurisdiction to enforce the Secretary's preliminary order and, further, the plaintiffs are entitled to this relief regardless of whether they have also met the standard for awarding injunctive relief. The application is therefore GRANTED.

### FACTS

Examination of the record disclosed the following undisputed, material facts. The plaintiffs, Scott Bechtel and Wil Jacques, are former vice presidents of the defendant, Competitive Technologies, Inc., ("CTI"). On three separate occasions before their job terminations, Bechtel and Jacques raised concerns with several members of CTI's management concerning CTI's financial reporting. Specifically, Bectel and Jacques

voiced concerns that certain oral agreements entered into by the CEO John Nano with consultants and [Bechtel and Jacques] were material and should be disclosed on the SEC reports and to the shareholders. [Bechtel and Jacques] were told that any oral agreements were not material. However, the materiality of these oral agreements was later … verified by their inclusion in the SEC 10–K report for the fiscal year ending July 31, 2004. Following the March 2003 disclosure meeting, [Bechtel and Jacques] refused to sign off on the report because their concerns regarding the oral agreements had not been addressed. Nano held a meeting with [Bechtel and Jacques] and assured them that their concerns would be addressed by the next disclosure meeting. [Bechtel and Jacques] finally signed off on the report. Nano's attitude toward [them] changed after this meeting. He criticized and attempted to embarrass them at staff meetings and in front of co-workers. Nano's hostility continued until [Bechtel and Jacques] were terminated on June 30, 2003.

(February 2, 2005 Findings of the Occupation Safety and Health Administration at 2).

After CTI terminated their employment, Bectel and Jacques filed a complaint with the Secretary of Labor pursuant to the Sarbanes–Oxley Act, 18 U.S.C. § 1514A(b)(1)(A). They alleged that CTI terminated their employment on account of issues they raised at quarterly disclosure committee meetings. After CTI had the opportunity to respond to the allegations

pursuant to 29 C.F.R. § 1980.104, on February 2, 2005, the Secretary, acting through her agent, the regional administrator for the Occupational Safety and Health Administration ("OSHA") issued a preliminary order finding that CTI violated the Sarbanes–Oxley Act, 18 U.S.C. § 1514A(b)(1)(A), and ordered CTI to "reinstate [Bechtel and Jacques] to the same positions and provide them with salaries and all other benefits commensurate with the position of vice president."

CTI objected to the Secretary's preliminary finding and, pursuant to 29 C.F.R. § 1980.107, requested a hearing before an administrative law judge. With this request,

> all provisions of the preliminary order [were] stayed, *except for the portion requiring preliminary reinstatement.* The portion of the preliminary order requiring reinstatement will be effective immediately upon the [defendant's] receipt of the findings and preliminary order, regardless of any objections to the order.

29 C.F.R. § 1980.106 (emphasis added). The administrative law judge then scheduled the matter for trial de novo commencing May 16, 2005. Although the rule required CTI to immediately reinstate [Bechtel and Jacques], CTI did not do so. Instead, CTI filed a motion to stay the reinstatement order. On May 29, 2005, the administrative law judge denied the motion. CTI has refused to comply with the preliminary order of reinstatement.

On April 18, 2005, the plaintiffs filed suit in this court seeking enforcement of the preliminary order of reinstatement with an application for injunctive relief. On April 27, 2005, the court heard argument on the application.

## DISCUSSION

The plaintiffs, John Bectel and Willie Jacques, joined by the intervening plaintiff, the United States Secretary of Labor, have applied for a preliminary injunction to enforce a preliminary order of the Secretary requiring CTI to reinstate them to their former positions. In response, CTI maintains that the court does not have subject matter jurisdiction to hear this case and that, even if it does, Bectel and Jacques have failed to show entitlement to injunctive relief. The court considers each contention below.

### 1. *Jurisdiction*

■ CTI first argues that the court lacks subject matter jurisdiction to order the reinstatements because the Department of Labor has not issued a final order and, in CTI's view, the relevant statute, i.e., the Sarbanes–Oxley Act, 18 U.S.C. § 1514A, fails to confer jurisdiction upon this court to review a preliminary order. The court does not agree.

"The starting point in statutory construction is, of course, the language of the statute itself." *Offshore Logistics, Inc. v. Tallentire,* 477 U.S. 207, 236, 106 S.Ct. 2485, 91 L.Ed.2d 174 (1986). It is a "cardinal principle of statutory construction that courts must give effect, if possible, to every clause and word of a statute." *Williams v. Taylor,* 529 U.S. 362, 404, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

The Sarbanes–Oxley Act "provides that no company subject to the Securities Exchange Act of 1934 may retaliate against an employee who lawfully cooperates with an investigation concerning violations of the Act or fraud on the shareholders." *Hanna v. WCI Communities, Inc.,* 348 F.Supp.2d 1322, 1325 (S.D.Fla.2004). A employee "who alleges discharge or other discrimination by any person in violation of [the Act] may seek relief . . . by

(A) filing a complaint with the Secretary of Labor; or

(B) if the Secretary has not issued a final decision within 180 days of the filing of the complaint and there is no showing that such delay is due to the bad faith of the claimant, [the claimant may] bring[ ] an action at law or equity for de novo review in the appropriate district court..."

18 U.S.C. § 1514A(b)(1)(A) and (B). The procedure for adjudication of the complaint is governed by the rules and procedures set forth in the Wendell H. Ford Aviation Investment and Reform Act for the 21st Century ("AIR21"), 49 U.S.C. § 42121(b). *See* Sarbanes–Oxley, 18 U.S.C. § 1514A(b)(2)(A) (incorporating the provisions of 49 U.S.C. § 42121(b)). Under this provision, the Secretary of Labor conducts an investigation and determines whether reasonable cause exists to believe that a violation has occurred. *See* 49 U.S.C. § 42121(b)(2). "If the Secretary of Labor concludes that [such cause exists], the Secretary shall accompany the Secretary's findings with a preliminary order providing the relief prescribed by paragraph (3)(B) [i.e., the section governing final orders]." 49 U.S.C. § 42121(b)(2). Under paragraph (3)(B) of 49 U.S.C. § 42121(b), the defendant must reinstate the complainant to his former position (including back-pay) with the same compensation, terms, conditions, and privileges associated with his employment. 49 U.S.C. § 42121(b)(3)(B)(ii). The employer has the right to file objections to the preliminary order and to a hearing before an administrative law judge on the merits of the retaliation claim. 49 U.S.C. § 42121(b)(2)(A). However, the filing of objections does not operate to stay any reinstatement remedy contained in the preliminary order. *Id. See also* 29 C.F.R. § 1980.105(c) ("the portion of any preliminary order requiring reinstatement will be effective immediately upon receipt of the findings and preliminary order.")

Although the court agrees with CTI that the agency has not issued a final order, the statute explicitly authorizes jurisdiction in this court to enforce a preliminary order as if it were a final order. *See* 49 U.S.C. § 42121(b)(2) ("the Secretary shall accompany the Secretary's findings with a preliminary order providing the relief prescribed by paragraph (3)(B) [i.e., the section governing final orders]"). A finding to the contrary would negate the plain words of the statute that preliminary orders of reinstatement may not be stayed pending an appeal of the Secretary's order. Accordingly, the court concludes that it has jurisdiction to enforce the order of reinstatement.

### 2. *Injunctive Relief*

■ CTI next argues that Bectel and Jacques are not entitled to a preliminary injunction because they have failed to demonstrate the material elements for such relief. In response, Bectel and Jacques, and the Secretary of Labor, argue that the elements for a preliminary injunction are not relevant here as they are entitled to an injunction based exclusively on the Secretary's findings. The court agrees with the plaintiffs.

The Sarbanes–Oxley Act makes clear that the Secretary of Labor and not the court makes the determination of whether an order of reinstatement is appropriate. The statutory scheme is similar to the whistle blower protections under the Surface Transportation Assistance Act ("STAA"), now codified at 49 U.S.C. § 31105. Like the Sarbanes–Oxley Act, the STAA provides preliminary orders to protect whistle blowers. *See* 49 U.S.C. § 31105(b)(2)(A). An employer under the STAA can obtain a hearing by filing objec-

tions to the reasonable cause finding. 49 U.S.C. § 31105(b)(2)(B). Like Sarbanes–Oxley, however, the filing of objections does not result in a stay of the reinstatement order. *See Id.* This scheme has been the subject of challenge in *Brock v. Roadway Express, Inc.*, 481 U.S. 252, 107 S.Ct. 1740, 95 L.Ed.2d 239 (1987). In *Brock*, the Supreme Court observed that Congress could invest the Secretary of Labor with the authority to order reinstatement on the basis of an investigation, provided that the investigation met minimum dues process standards that are not at issue in this case. *Brock*, 481 U.S. at 259, 107 S.Ct. 1740. *See id.* (the "statute reflects a careful balancing of the relevant interests of the Government, employee, and employer"). Accordingly, the court concludes that the plaintiffs are entitled to an injunction enforcing the Secretary's preliminary order regardless of whether the elements for preliminary injunctive relief have also been established.

## CONCLUSION

For the foregoing reasons, the application for preliminary injunction (document no. 3) is GRANTED. The court orders CTI to immediately reinstate Bectel and Jacques to their former positions of employment with CTI. Further, the court orders CTI to pay Bectel and Jacques all salary, benefits and other compensation that would have been earned had CTI complied with the preliminary order issued on February 2, 2005.